IN RE PARKER M. WICKSTRUM.

PARKER M. WICKSTRUM, APPELLANT, V. ERNEST HUNGER ET AL., APPELLEES.

FILED NOVEMBER 27, 1912.   No. 17,778.

Constitutional Law: CITY ORDINANCE: REGULATING USE OF MOTOR VEHICLES. A provision in a general ordinance of the city of Lincoln regulating the use of motor vehicles, that "it shall be unlawful for any person operating a motorcycle to carry another person on said machine in front of the operator," *held*, to be general with respect to all members of the class affected, to be based upon a reasonable classification, and to be a valid exercise of the police power of the city in protecting the safety of travelers on the city streets and persons carried on motorcycles.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Barton Green*, for appellant.

*F. C. Foster* and *D. H. McClenahan*, contra.

LETTON, J.

Appellant was arrested and convicted of the violation of a city ordinance providing that "it shall be unlawful for any person operating a motorcycle to carry another person on said machine in front of the operator." This provision is embraced within a general ordinance regulating the use of motor vehicles in the city of Lincoln. Having failed to pay the fine and costs adjudged against him, he was committed to jail. He applied to the district court for release upon a writ of habeas corpus, on the ground that the ordinance was unreasonable and void, and from a denial of the writ he has appealed.

Summarily stated, his contention is that the ordinance arbitrarily invades personal rights; that a motorcycle is a type of motor vehicle which is no more dangerous to operate with a passenger in front than an ordinary electric automobile, which is usually a glass-inclosed cab in which passengers may occupy a seat directly in front of

the operator.   From these facts he argues that where a restraining law or ordinance is against a class, or one type of a class, that type or class must be more dangerous than others, or legislation against it cannot be upheld. The testimony is that, when a person is carried in front of the operator upon a motorcycle, he sits between the handle bars of the machine, directly over the gasoline tank; that while, by leaning the body or moving the head to one side, the operator may see directly in front, the presence of the passenger obstructs the view to some extent.   It is also shown that several instances have occurred of fuel tanks leaking and catching fire, and that in case of accident it is difficult or almost impossible for the person carried to get out from between the handle bars.   It is also shown that such vehicles may be operated at a speed of from 30 to 60 miles an hour, and that upon wet pavements they are more likely to slip than four-wheeled vehicles.

The principles controlling the question presented are so well settled in this state as scarcely to require repetition:   "Courts will not ordinarily inquire into the motive of a city council in its exercise of a discretionary power conferred upon it by the legislature."   *Enders v. Friday,* 78 Neb. 510.   In *Peterson v. State,* 79 Neb. 132, it is said: "It is a general rule that the determination of the question whether or not an ordinance is reasonably necessary for the protection of life and property within the city is committed in the first instance to the municipal authorities thereof by the legislature.   When they have acted and passed an ordinance, it is presumptively valid, and, before a court will be justified in holding their action invalid, the unreasonableness or want of necessity of such measure for the public safety and for the protection of life and property should be clearly made to appear.   It should be manifest that the discretion imposed on the municipal authorities has been abused by the exercise of the power conferred, by acting in an arbitrary manner." See, also, *In re Anderson,* 69 Neb. 686.   We think there

is such a distinct difference between the operation of a motorcycle and of ordinary motor vehicles as to justify the enactment of the ordinance. Even if it be true that regulation in respect to passengers obstructing the view of the driver would be proper as to other classes of motor vehicles, perhaps the authorities have only made a beginning. It may be presumed that, if the city authorities become convinced of the necessity of further safeguarding the lives of the inhabitants of the city, they will take steps to do so. It seems clear that the provision complained of was intended to protect not only ordinary travelers on the streets from the danger that might accrue from the obstruction to the vision of the operator of such a speedy vehicle, but it was also intended to avoid the danger of accident to the person carried.

The ordinance is general with respect to all persons who operate motorcycles, and since it treats all members of that class alike, and the classification is founded upon a reasonable basis, it was within the power of the city council to adopt the same.

We find no error in the judgment of the district court, and it is, therefore,

AFFIRMED.