STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. COMMERCIAL STATE BANK, E. H. LUIKART, RECEIVER, APPELLANT: SCHOOL DISTRICT OF CITY OF CRAWFORD, INTERVENER, APPELLEE.

FILED MARCH 23, 1934. NO. 28899.

*F. C. Radke, Barlow Nye* and *Crites & Crites,* for appellant.

*J. E. Porter, contra.*

Heard before GOOD, EBERLY, DAY and PAINE, JJ., and LANDIS, District Judge.

EBERLY, J.

The Commercial State Bank of Crawford, Nebraska, became insolvent, and a receiver therefor was appointed on November 20, 1931, in a proceeding had in the district court for Dawes county.

The school district of the city of Crawford intervened in this proceeding, and, upon trial, after issues were joined, was awarded a judgment for the sum of $3,262.27 as a trust fund, and the same was directed to be paid from the assets of the bank by the receiver in preference to claims classified as "general and valid preferred claims" of depositors. From the order of the district court overruling his motion for a new trial, seasonably made, and also from the overruling of an amendment to such motion for a new trial, the receiver appeals.

The judgment appealed from, amply sustained by the evidence then before the court, was rendered on the theory that this bank had not been approved as a depository by the governing body of such school district, as contemplated by the provisions of chapter 141, Laws 1931, and therefore the moneys so deposited constituted trust funds. This was in harmony with our previous decisions. See *State v. Midland State Bank,* 52 Neb. 1; *Lincoln Nat. Bank & Trust Co. v. School District,* 124 Neb. 538; *State v. Bank of Otoe,* 125 Neb. 414.

After this date further discoveries of facts were made by the receiver, the result of which is that the controlling questions in this case are presented by a record which discloses the following: The judgment allowing the intervener's claim as a trust fund was made and entered on January 27, 1933, that being one of the days of the regu-

lar October, 1932, term of the district court for Dawes county. Intervener's motion for a new trial was thereafter seasonably filed. The regular October, 1932, term of this district court was adjourned *sine die* on March 6, 1933. On March 14, 1933, an amendment to the motion for a new trial was filed, which added to the same an additional paragraph, numbered 8, as follows: "Newly discovered evidence which is material to this action and consists of written matter in the form of a post card being addressed to the Commercial State Bank, Crawford, Nebraska, and on the opposite side thereof shows that the school district on July 17, 1931, designated the defendant bank as the depository of the funds of the intervener school district of the city of Crawford. Said card being attached to the deposition of Georgia Owen which is filed herewith."

This post card is in words and figures as follows:

"Commercial State Bank, Crawford, Nebr.

"Dear Sirs: You are hereby notified that the school board of School District No. 71 of Dawes county, Nebraska, has designated and approved your bank as the depository of the funds of the above said school district until notified otherwise. Mr. A. F. Johnson of Crawford, Nebr. is the legally qualified treasurer of the school district. You will be advised in case of a change of treasurer. Yours respectfully, Georgia Owen, Dir. or Sec., Crawford, Nebr. Dated July 17, 1931."

The deposition of Mrs. Georgia Owen, of which this post card, exhibit 1, constitutes a part, was presented in support of the application for a new trial, and in substance sets forth that the deponent lived in Crawford, Nebraska; was a member of the school board of district 71, and secretary thereof; that on July 17, 1931, the blank card had been received from the county superintendent of that county; that on that day on her own motion she filled out and signed the same and delivered it to A. F. Johnson who was then the treasurer of that district. The evidence, however, affirmatively discloses that no district board

meeting was ever held which considered this subject, and that neither the district board nor the district ever selected or designated this bank as a district depository or authorized the execution of exhibit 1 by its secretary. It further appears, however, that the card was actually delivered by some person to the Commercial State Bank, while it was a going concern, though its presence was not discovered and its existence was unknown until after the judgment appealed from had been entered. Ample evidence as to reasonable diligence in the transaction on the part of the receiver and his subordinates is also disclosed by the proof. It further appears that on March 15, 1933, the receiver's motion for a new trial, as originally filed, and also as amended on March 14, was overruled. As presented at the bar of this court, appellant's challenge to the correctness of this action of the trial court is limited to that part of the judgment which overrules the amendment to the motion for a new trial filed March 14, 1933, which is based on newly discovered evidence, and a claim of estoppel based thereon. But it will be noted that the ground upon which appellant now relies to sustain his contention appears only in the amendment of March 14, after the adjournment *sine die* of the term in which the judgment sought to be set aside was rendered, and 46 days after its date.

We were early committed to the rule: "A motion for a new trial cannot be amended by assigning new grounds after the statutory time for filing such motion has expired, except upon a finding by the court that the party was unavoidably prevented from presenting the matter contained in the amendment within three days after verdict." *Davis v. Taylor & Son,* 92 Neb. 769. See, also, *Gullion v. Traver,* 64 Neb. 51; *Aultman, Miller & Co. v. Leahey,* 24 Neb. 286.

The statute (Comp. St. 1929, sec. 20-1143) requires that "The application for a new trial must be made at the term the verdict, report, or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable dili-

gence, have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

The term at which the judgment sought to be set aside was rendered had adjourned, as we have seen, prior to the filing of the amendment to the motion for a new trial, and the provisions of section 20-1145, Comp. St. 1929, were not complied with. Hence, the question upon which appellant relies was not presented by the record.

Furthermore, the facts disclosed by the showing negative the claim that the governing body of the district ever took any action whatever in the matter of designating a depository. The post card, exhibit 1, on which appellant relies, is naught but the unauthorized act of the secretary. It is not the result of the lawful action of the school district board. Even, "The action of a majority of a school district board will not bind the district, without notice to or participation therein of the other members." *People v. Peters*, 4 Neb. 254. See, also, *Thompson v. West*, 59 Neb. 677.

And, lastly, estoppel not having been pleaded in the district court may not be urged on appeal.

It follows that the judgment of the district court is correct, and is

AFFIRMED.