PAUL HORBACH, APPELLEE, v. DAN B. BUTLER ET AL., APPELLANTS.

281 N. W. 804

FILED OCTOBER 21, 1938. No. 30338.

*Seymour L. Smith, Harold C. Linahan, W. W. Wenstrand* and *Louis T. Carnazzo*, for appellants.

*D. M. Murphy, contra.*

Heard before ROSE, C. J., EBERLY, PAINE, CARTER and MESSMORE, JJ.

CARTER, J.

This is a suit in equity in which plaintiff seeks an injunction restraining the city of Omaha, its officers and servants, from tearing down a building condemned by the city council. The trial court granted the injunction as prayed, and the city of Omaha appeals.

Plaintiff alleged in his petition that he was the owner of the property in question, that it was substantially built and in no danger of falling down and that it constituted neither a public nor private nuisance. He further alleged that the city council of the city of Omaha had ordered the building condemned, that he intended to appeal from the condemnation order and that he had no adequate remedy except by injunction.

In its answer the city pleaded the ordinance under which the condemnation order was procured, the report of the building inspector, alleged the service of notice on plaintiff and his appearance at the hearing, and the entry of the condemnation order after the taking of evidence. The city also alleged that plaintiff failed to comply with the order and prayed for the denial of the injunction. No reply was filed.

It appears from the record that the regularity of the proceedings before the city council was not questioned until the appeal was lodged in this court. Plaintiff's petition does not raise this issue and no evidence was offered to support any such claim. The city did allege in its answer the service of notice and the appearance of plaintiff at the hearing. This allegation was not denied and the case was not tried on the theory that the proceedings before the city council were irregular. Under this situation, plaintiff cannot now, for the first time, inject that issue into the case in this court.

The issue tried was whether the building on plaintiff's

lots was in such condition as to constitute a nuisance. The findings of the trial court were solely that the building did not constitute a nuisance and that an injunction should be granted. The correctness of this ruling is the only question remaining for consideration.

Plaintiff offered evidence to the effect that the building was not in such shape that it would constitute a nuisance although it was conceded to be in poor condition. The defendant city likewise offered the testimony of the building inspector and other experts to the effect that the building was in a dangerous condition and constituted a public nuisance. Without discussing the evidence in detail, we come to the conclusion that the evidence offered by the city was sufficient to sustain a finding that the building did constitute a nuisance.

That the city of Omaha has the power to remove, or order the removal of, a dangerous building which constitutes a nuisance is not disputed. The city council likewise may exercise executive, legislative and judicial powers. Comp. St. 1929, sec. 14-214. The courts do not ordinarily interfere with or control the exercise of such discretionary powers, whether such powers are executive, legislative or judicial in their nature, except in clear cases of abuse. If the exercise of the power was within the limitations of its grant and the city council have not abused their exercise of the power, a court will ordinarily decline to substitute its judgment for that of the city council. The foregoing is sustained by the following authorities: *Village of Bellevue v. Bellevue Improvement* Co., 65 Neb. 52, 90 N. W. 1002; *Enders v. Friday*, 78 Neb. 510, 111 N. W. 140; *Whitla v. Connor*, 114 Neb. 526, 208 N. W. 670; 43 C. J. 304.

In the case at bar, a hearing was held and evidence taken by the city council to determine whether or not the building constituted a nuisance. As we have heretofore stated, the evidence thus produced was sufficient to sustain the finding of the city council that the building was a public nuisance. Under such circumstances, the courts are without authority to substitute their judgment for that of the city council.

In *In re Wickstrum,* 92 Neb. 523, 138 N. W. 733, we said: "The principles controlling the question presented are so well settled in this state as scarcely to require repetition: 'Courts will not ordinarily inquire into the motive of a city council in its exercise of a discretionary power conferred upon it by the legislature.'" In *State v. Withnell,* 91 Neb. 101, 135 N. W. 376, we said: "While a city, having authority 'to define, regulate, suppress and prevent nuisances,' cannot arbitrarily use it to prohibit harmless and inoffensive private enterprises, the acts of the city council in exercising such police powers may be held conclusive, if the subject of municipal legislation might or might not be a nuisance, depending upon conditions and circumstances."

The city council having acted within the limits of the power granted to them by the legislature, and there being sufficient evidence before the city council to sustain a finding that plaintiff's building constituted a public nuisance, the trial court was in error in granting an injunction. In the absence of a showing that the city council acted outside of their granted powers, or of a showing that they abused the discretion lodged with them, in the exercise of a granted power, the finding of the city council is conclusive. The judgment of the district court will therefore be reversed and the petition dismissed.

REVERSED AND DISMISSED.