HOBART SORTER, APPELLANT, v. CITIZENS FUND MUTUAL FIRE INSURANCE COMPANY, A CORPORATION, APPELLEE.
39 N. W. 2d 276

Filed October 14, 1949.   No. 32600.

*Herbert W. Baird,* for appellant.

*Perry & Perry,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is an action at law by appellant to recover on a policy of insurance issued to him by appellee, the amount of loss claimed to have been sustained by appellant from the destruction by fire of the property described in the policy.

The appellant says that he was, on the 8th day of July, 1946, the owner of a building at 104 R Street, Lincoln, Nebraska; that the appellee for a consideration issued to appellant a policy of insurance protecting the building against loss by fire; that while the insurance was in force the building was destroyed by fire; that he performed all of the conditions of the policy of insurance on his part to be performed; and that he is entitled to recover the amount of the insurance with interest, costs, and attorney fee.

Appellee denied the allegations of the appellant and asserted that the contract of insurance was obtained by

fraud and misrepresentation; that to secure the policy of insurance appellant represented that he was the owner and in lawful possession of the real estate described in the policy; that appellee believed, relied, and acted thereon in issuing and delivering the policy of insurance, and it would not have done so if it had not relied upon the representations made by appellant; that he was not the owner of the real estate and had no interest therein; that the building of appellant was movable and situated in a street of the city of Lincoln, Nebraska; that the insurance contract contains a provision that it shall be void if the interest of the insured is other than unconditional and sole ownership, or if the subject of insurance is a building on ground not owned by the insured in fee simple; and that appellee as soon as it learned that the insurance had been obtained by fraud offered to return the premium paid to it by appellant, and the offer was refused.

The parties waived a jury, trial was had, and the court found all issues in favor of appellee and entered judgment of dismissal. Motion of appellant for a new trial was denied.

The contention of the appellant was, until the case reached this court, that he was the owner of the real estate where the insured building was located, that the fire resulted in total loss of the building, and he was entitled to recover the amount of the insurance policy by virtue of the valued policy law. § 44-380, R. S. 1943. This is shown by his failure to offer evidence as to the actual value of the property described in the insurance contract and by the admissions in his brief that plaintiff since 1928 had his buildings, including the one burned and involved in this case, on First Street near its intersection with R Street in Lincoln; that "the plaintiff never owned the land"; that "the plaintiff's want of land ownership dispenses with the valued-policy and attorney-fee features of this case"; and that "If * * * this court is able to determine the money value of the plaintiff's loss, the court should render judgment for the plaintiff for that

amount. If * * * the evidence is defective or incomplete on this subject, the cause should be remanded to the district court for re-trial and determination of this issue."

The appellant may not change his position in this court from what it was in the trial court. The rule is that when a theory on any issue is relied upon by a party in the trial court as the proper one, it will be adhered to on appeal, without regard to the correctness of the theory. Gillan v. Equitable Life Assurance Society, 143 Neb. 647, 10 N. W. 2d 693, 148 A. L. R. 496.

Appellant testified that he owned the land where the building in question was located; that he did not have a deed for it at the time of the trial, but he had "one in Washington, D. C." He denied any conversation with the agent of the insurance company during the negotiations in reference to the writing of the insurance with regard to his ownership of the land.

The evidence is clear and abundant that the appellant represented to the agent of appellee in the negotiations to obtain the insurance that appellant was the owner of the house sought to be insured; that it was on, affixed to, and was a part of the land owned by him; that the agent advised the general agent of the insurance company of these representations made by the appellant, and the general agent believed, relied, and acted thereon in approving the application of appellant for the insurance and in issuing and delivering the policy; that he would not have done so if it had not been represented by the appellant that he was the unconditional owner thereof; that the building of appellant described in the insurance contract was located in First Street in the city of Lincoln, except the west 2.6 feet of the garage, and this was on land owned by Barton Green; and that the insurance contract contains the provisions that it shall be void if insured has misrepresented any material fact, or in case of fraud by the insured touching any matter relating to the insurance, or if the subject of the insurance be a

building on ground not owned by the insured in fee simple.

There is evidence in agreement with each of the findings of the trial court. This is an action at law, and the findings of the court are accorded the weight of a verdict of a jury. The weight of evidence or credibility of witnesses is not a concern of this court in the review of such a case except to determine that the findings and judgment are supported by evidence and are not contrary to law. Foltz v. Brakhage, *ante* p. 216, 36 N. W. 2d 768.

The provision that no representation or warranty made in the negotiation for a contract of insurance by the insured is material or can defeat or avoid a policy of insurance unless the representation or warranty deceived the insurer to its injury is pertinent to the disposition of this case. § 44-358, R. S. 1943. The appellant inferentially argues that any misrepresentation by him concerning the ownership of the location of the building insured should not have been relied upon by the appellee and resulted in no injury to it. The statute does not deprive an insurance company of the defense of fraud. In negotiations for a contract of insurance, its terms are that misrepresentations may not avoid the policy unless they deceive the company to its injury. The statute requires fair play; that an applicant for insurance must exercise towards the company the same good faith which may rightfully be expected of it; and that there be fair dealing by both parties. If untrue statements of the insured, material to the risk, are made to the company and they are believed and acted upon by it in the issuance and delivery of a contract so that the company is obligated when it would not have done so had a truthful disclosure been made in the negotiations, it is clear that the company was deceived to its injury, and the statute does not deprive it of a remedy. Goodell v. Union Automobile Ins. Co., 111 Neb. 228, 196 N. W. 112; Quisenberry v.

National Fire Ins. Co., 132 Neb. 793, 273 N. W. 197; Muhlbach v. Illinois Bankers Life Assn., 108 Neb. 146, 187 N. W. 787; Gillan v. Equitable Life Assurance Society, *supra;* George v. Guarantee Mutual Life Co., 144 Neb. 285, 13 N. W. 2d 176.

The representations of appellant as shown by the evidence above related were concerning matters peculiarly within his knowledge and were material to the risk. Farmers & Merchants Ins. Co. v. Hahn, 1 Neb. (Unoff.) 513, 96 N. W. 255; Gillan v. Equitable Life Assurance Society, *supra.*

The general agent of appellee, who was authorized to and who did act for it in passing on and approving the application of appellant for insurance, testified he relied and acted upon the representations of appellant, and that the company would not have issued and delivered the policy of insurance if the appellant had reported the fact that the building was not located on land belonging to him but was in a public street of the city of Lincoln. There is nothing to dispute his statements in this regard. Where fraud or misrepresentation is material with reference to a transaction subsequently entered into by a person deceived thereby, it is assumed in the absence of facts showing the contrary that he was induced by the fraud or misrepresentation. Restatement, Contracts, § 479, p. 915; George v. Guarantee Mutual Life Co., *supra.*

Appellant insists that Farmers & Merchants Ins. Co. v. Mickel, 72 Neb. 122, 100 N. W. 130, is decisive. Its inapplicability to this case sufficiently appears by the language therein that the insurance company entered into a contract of insurance "without making inquiry as to the condition of the property or to the state of its title * * *" and that "no representation of any kind was made touching the nature of the plaintiff's title to the land on which the building was situated." The court in that decision said that an insurer could protect itself if it would "make an inquiry as to the nature of

the title of the insured to the grounds upon which the building is located, before accepting the premium and delivering a policy of insurance covering such risk." See, also, Rochester Loan & Banking Co. v. Liberty Ins. Co., 44 Neb. 537, 62 N. W. 877, 48 Am. S. R. 745. Appellee complied with that suggestion before it accepted the application of appellant for insurance, and relied thereon in entering into the contract of insurance. It asked appellant as to the nature of his title to the ground upon which the building was located, and he falsely represented that he was the owner thereof and that the building was located thereon and affixed thereto as a part of the real estate.

The findings and judgment of the district court should be affirmed.

AFFIRMED.