BERTRAND L. YOUNG ET AL., APPELLEES, V. EDYTH L. McCOY ET AL., APPELLANTS.

40 N. W. 2d 540

Filed January 6, 1950. No. 32680.

*Armstrong & McKnight,* and *Raymond B. Morrissey,* for appellants.

*Harry K. Livingston, Robert S. Finn,* and *Dwight Griffiths,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a suit by certain heirs at law of Arthur E. Young, deceased, to determine the ownership of a bank deposit belonging to the deceased at the time of his death and claimed by Edyth L. McCoy, a sister of the deceased. The trial court found that the deposit belongs

to the estate of Arthur E. Young, and entered a judgment against Edyth L. McCoy for the amount of the bank deposit, she having taken possession of it. The judgment was in favor of the plaintiffs for the benefit of the estate. The defendant Edyth L. McCoy appeals.

The evidence shows that on February 21, 1947, Arthur E. Young had the sum of $8,557.13 on deposit with the State Bank of Elk Creek. On that day he went into the bank and informed the cashier that he wanted the money to go to Mrs. Edyth L. McCoy on his death. The cashier thereupon added the following words after the name of A. E. Young on the ledger sheet: "2/21/47 P. O. D. Mrs. Edith McCoy." It is not disputed that the abbreviation "P.O.D." means "Pay on death." The deceased thereafter made deposits in the amount of $173.49 and withdrawals by check in the amount of $662.05, leaving a balance on deposit at the time of his death of $8,068.57. After the death of Arthur E. Young on October 30, 1947, the defendant Edyth L. McCoy, on November 4, 1947, withdrew the $8,068.57 and retained it as owner. It is the contention of the defendant that the language added to the ledger sheet at the express direction of the deceased had the effect of vesting the title to the deposit in Edyth L. McCoy on the death of Arthur E. Young.

The words added to the ledger sheet at the direction of the deceased were clearly testamentary in character. An instrument which by its terms is to operate to convey an interest in property only after the death of the grantor is testamentary in character and passes no present interest in the property. Such a purported conveyance is void for the reason that it is in effect a will and, the statutory requirements for the execution of a will not having been met, it has no validity as such. Pinkham v. Pinkham, 55 Neb. 729, 76 N. W. 411. A leading case on the subject is Turner v. Scott, 51 Pa. St. 126, wherein it is said: "As these words were expressly limited to take effect only after the death of the

grantor, they were necessarily revocable words. The doctrine of the cases is, that whatever the form of the instrument, if it vest no present interest but only appoints what is to be done after the death of the maker, it is a testamentary instrument. It signifies nothing that the parties meant to make a deed instead of a will. If they have used language which the law holds to be testamentary, their intention is to be gathered from the legal import of the words they have employed, for all parties must be judged by the legal meaning of their words."

The general rule is stated in 57 Am. Jur., Wills, § 45, p. 70, as follows: "On the other hand, the transfer of a bank account, to take effect at the death of the depositor, who retains control during his life, is testamentary in character and void if not executed as a will, whether the intention of the depositor is to provide for a trust or to make a direct gift. The designation in the depositor's passbook or in the books of the bank of a person to receive payment upon the depositor's death is of testamentary character and ineffective unless executed in accordance with the Statute of Wills, where the intent is to provide for the disposition of the deposit at the depositor's death and not to vest an interest in the person designated before his death." See, 28 C. J., Gifts, § 43, p. 648; Onofrey v. Wolliver, 351 Pa. 18, 40 A. 2d 35, 155 A. L. R. 1074; Hicks v. Meadows, 193 Ala. 246, 69 So. 432.

It is urged by the defendant, however, that title to the deposit vested in her under the provisions of section 8-167, R. S. 1943, which provides: "When a deposit in any bank in this state is made in the name of two or more persons, deliverable or payable to either or to their survivor or survivors, such deposit, or any part thereof, or increase thereof, may be delivered or paid to either of said persons or to the survivor or survivors in due course of business."

It cannot be questioned that the statute in question is

in derogation of the common law. It is evident that the Legislature intended to eliminate technical refinements governing gifts among the living and trust relationships between payees by providing by statute the result to be accomplished by a compliance with this section of the statute. The contention that such a transaction is testamentary in character and void as a noncompliance with the statute of wills is not tenable where the conditions of the statute have been met. This for the reason that the quoted section of the statute furnishes ample authority for the dispositions of property therein authorized. It has the same binding effect as the statute of wills or any other statute prescribing the methods to be used to make a valid conveyance of property. Tobas v. Mutual Building & Loan Assn., 147 Neb. 676, 24 N. W. 2d 870.

We have held that section 8-167 not only is intended for the protection of the bank but also fixes the property rights of the persons named where compliance with the statute has been had. In re Estate of Johnson, 116 Neb. 686, 218 N. W. 739; McConnell v. McCook National Bank, 142 Neb. 451, 6 N. W. 2d 599; Rose v. Kahler, 151 Neb. 532, 38 N. W. 2d 391.

In order for one to accomplish the result provided in section 8-167 there must be a compliance with the conditions therein prescribed. It is the intention of the Legislature and not that of the deceased which controls the manner in which the result authorized by the statute can be attained. It being in derogation of the common law, the statute will be applied only when the conditions contained in it are met.

The words used in the present case do not meet the conditions required by the statute. The deposit was not made in the name of two or more persons as the statute requires. It was not made deliverable or payable to either, but on the contrary it was payable only to Arthur E. Young during his lifetime and after his death to the defendant. No present interest

was conveyed to defendant by the words used, her interest was solely testamentary. The statute contemplates the conveyance of a present interest in the deposit, although the actual enjoyment thereof by one or more of the joint payees may be postponed until the death of one of the named payees. Kehl v. Omaha National Bank, 126 Neb. 695, 254 N. W. 397; First Nat. Bank & Trust Co. v. Huntley, 251 Mich. 483, 232 N. W. 192; Mercantile Bank v. Haley (Mo. App.), 179 S. W. 2d 916. The argument advanced that the words in the statute "deliverable or payable to either" mean that a compliance has been had if it is payable to one of the named payees is not tenable. Obviously, the words mean that the deposit must be made "deliverable or payable" to each "of two or more persons." It is plain, therefore, that compliance with section 8-167 was not had and the purported disposition not having been made in accordance with the ceremonial requirements of the statute of wills, the words added to the ledger sheet of the bank can have no effect upon the title to the deposit.

The defendant complains of the action of the trial court in striking from her answer the following: "and the said Arthur E. Young thereby intended to and did establish the State Bank of Elk Creek as trustee for said money or any part thereof or the increase thereof remaining at the time of his death for the sole and only purpose of paying said fund to the said defendant, Edyth L. McCoy."

An examination of section 8-167 does not reveal that it was intended to be exclusionary in its nature. It controls situations coming strictly within its terms, leaving all other situations to be determined by other applicable statutes and controlling principles of law. We do not think it was error to strike the language quoted from the answer, for the reason that the facts pleaded in that part of the paragraph not stricken were wholly inconsistent with the conclusion which the trial

court ordered stricken. In this respect, that part of the paragraph of the answer which was not stricken contained the following: "This defendant further alleges that the said Arthur E. Young, * * * deposited in said State Bank of Elk Creek the sum of about $8000.00 instructing Rudolph Kavanda the cashier of said bank who had charge of the records of said bank, to enter on the records of the bank such deposit so that any part thereof or the increase thereof remaining at the time of his death should be paid to the defendant herein Edyth L. McCoy; that in conformity with said request of the said Arthur E. Young, said cashier with the knowledge and consent of and in the presence of the said Arthur E. Young entered on the proper books of said bank said deposit as follows: 'A. E. Young P.O.D. Mrs. Edith L. McCoy.' " This pleading shows on its face that a valid trust was not created for the reason that no interest passed to the purported beneficiary prior to the death of the settlor. The general rule is: "Where the owner of property purports to create a trust inter vivos but no interest passes to the beneficiary before the death of the settlor, the intended trust is a testamentary trust and is invalid unless the requirements of the statutes relating to the validity of wills are complied with." Restatement, Trusts, § 56, p. 167. The facts pleaded by the defendant show on their face that a valid trust was not created; consequently the error, if any, in striking the part of the answer of which complaint is made could not in any event be prejudicially erroneous.

Defendant in her brief asserts a contract theory of recovery. A sufficient answer to this claim is that the answer contains no pleading to sustain it; nor does the record indicate that any such theory was advanced in the district court. The rule is: An issue not raised by the pleadings and proof in the trial court cannot be raised for the first time in the Supreme Court. Badura v. Lyons, 147 Neb. 442, 23 N. W. 2d 678; Lehnherr v.

National Accident Ins. Co., 126 Neb. 199, 252 N. W. 823; Sorter v. Citizens Fund Mutual Fire Ins. Co., 151 Neb. 686, 39 N. W. 2d 276.

For the reasons stated the judgment of the trial court is in all respects correct and it is affirmed.

AFFIRMED.