CLARENCE LASH, APPELLANT, v. IVAN ERISMAN ET AL., APPELLEES.

94 N. W. 2d 32

Filed January 16, 1959. No. 34416.

*Ginsburg, Rosenberg & Ginsburg,* for appellant.

*Dwight Griffiths, Moran & James,* and *Simon Lantzy,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This action as originally instituted was by Clarence Lash, plaintiff, against Ivan Erisman, Arnold Ernst, Irvin Dovel, and C. F. Kuncl, Jr., defendants. Before pro-

ceeding further it appears advisable to ascertain and present comprehensively the basic contents of the cause of action as it appears in the petition.

In the petition the plaintiff alleged in substance that he and the defendants were the directors and sole stockholders of the Auburn Nebraska Alfalfa Company, a corporation, which will be hereinafter referred to as the corporation, and the only persons interested in its operations; that in August 1946, the corporation ran into financial difficulties and was without sufficient working capital; that at that time all of these parties entered into an oral agreement that they would each separately and equally advance money necessary for the corporation to continue in business and if any one or more advanced more than the others that one or those would be reimbursed pro rata by the others; that in October 1946, the plaintiff and the defendant Ivan Erisman obtained a loan of $11,000 from the Auburn State Bank, the proceeds of which were advanced to the corporation under the terms of the oral agreement mentioned; that at various other times the plaintiff under the oral agreement advanced other sums of money to the corporation amounting to $12,437.60; that the total of the advancements made by the plaintiff amounted to $25,263.93; and that he believed others of the four defendants also made advancements in amounts not specified. He alleged that he had received no reinbursement for any advances made by him.

On the basis of these allegations he alleged that he was entitled to an accounting and a judgment in conformity with the results of such accounting.

It was further pleaded that the $11,000 was obtained from the Auburn State Bank on a personal note of plaintiff and the defendant Ivan Erisman for advancement to the corporation; that it was advanced pursuant to the agreement for contribution which has been mentioned; that the note was renewed from time to time by the makers until July 1947, when it was paid off by

the proceeds of a note made by the two makers to the Carson National Bank; that this note was renewed by and on the signatures of the makers until April 1949, when it was again renewed on the signature of plaintiff and by inadvertance without the signature of the defendant Ivan Erisman; that there was never any reimbursement of the amount by the corporation which company became bankrupt; that plaintiff paid the note with interest on July 2, 1949, and demanded contribution from the defendants which demand was refused; and that the total in this respect with interest amounted to $12,826.33. As to this amount as a part of the total of $25,263.93 the plaintiff pleaded that it was advanced to the corporation under the oral agreement mentioned, and that he, on accounting, was entitled to contribution from the four defendants for the excess which he had advanced. The prayer of the petition conformed to the allegations.

The plaintiff never pleaded a right of recovery against any of the defendants on any other theory. Particularly he never pleaded a right of recovery on the theory that he and the defendant Ivan Erisman were joint obligors on the bank note or obligation which he paid and was therefore and on that account entitled to contribution from him.

Answers were filed by all defendants except Irvin Dovel. The further concern of this case is with the plaintiff and Erisman. For the further purposes of this opinion the plaintiff will be referred to as appellant and Erisman as appellee.

The answer of the appellee is of considerable length but it becomes necessary at this point to set forth only that by its substance the appellee admits that the appellant advanced the sums of money to the corporation as loans which he claims that he advanced, including the $11,000, but that he is not entitled to recover any part thereof from the appellee. For reply the appellant generally denied the allegations of the answer.

The case was tried to the court and at the conclusion of the evidence of appellant a demurrer thereto on behalf of the defendant Dovel was sustained and motions for dismissal on behalf of the other defendants were sustained. Motion for new trial was duly filed as to the appellee which was overruled. From the order dismissing the action as to the appellee and the order overruling the motion for new trial the appellant has appealed.

It may be said unequivocally that the appellant failed to attempt to support his pleaded cause of action except in two respects. Some evidence was adduced in support of the alleged agreement that there was to be an equalization of advancements if the corporation did not make reimbursement, and there was evidence as to the source of the $11,000 which was advanced, but none as to the balance of the total amount for which he claimed a right of reimbursement from the defendants or any of them. There was no evidence adduced or offered upon which to make an accounting of advancements. The evidence as to the source of the $11,000 was sufficient to sustain the allegations of the petition in that respect, that is that in the first instance it was obtained by appellant and appellee on notes payable by them first to the Auburn State Bank, then to the Carson National Bank, and later discharged by payment made by the appellant. This amount by declaration of the petition was a part of the total advancement of $25,263.93 which on accounting the appellant claimed he was entitled to have allocated one-fifth to himself and one-fifth to each of the four-named defendants, subject to equalization among the five.

This statement as to the evidence is not important in relation to whether or not appellant has sustained proof of his pleaded cause of action. It is important only as a recital of related facts since the appeal in this case does not present that question. The question presented is one of whether or not another and entirely

different cause of action was sufficiently pleaded to render erroneous the dismissal of the action against the appellee.

The substantial contention of the appellant in this respect is that on the pleadings and the record made he had established the right to have judgment against the appellee for contribution of one-half of the principal and one-half of the interest paid by him in payment of the note for $11,000 to the Carson National Bank.

On the record the conclusion is inescapable that this right has not been established. The pleadings, instead of establishing any such right, expressly negative it. There is nothing in the petition or any other pleading from which it may be said that any such inference may flow.

The following from the petition contains the sole and only declaration by pleading of the theory upon which the case was presented to the district court:

"5. That in October of 1946, in accordance with such agreement and understanding, this plaintiff and the defendant, Ivan Erisman, were requested to obtain for said corporation a loan in the amount of $11,000.-00 from the Auburn State Bank; that said bank would not make said loan to said corporation, but agreed to make said loan to this plaintiff and the said Ivan Erisman on their personal note; that said matter was reported by the plaintiff to the defendants; and the defendants all requested the plaintiff to obtain said loan from the Auburn State Bank and advance the proceeds thereof to said corporation, and that they would all equally contribute to the payment thereof in the event the corporation failed to pay the same; that in accordance therewith the plaintiff and the defendant, Ivan Erisman executed and delivered to the said Auburn State Bank their note in the principal amount of $11,000.00 and received from said bank the proceeds of such loan in said amount, and immediately delivered the same over to the said corporation; that said corporation was unable to repay any part of said borrowing and said

note was from time to time renewed by the plaintiff and the said Ivan Erisman; that when said note came due the last time, on July 5, 1947, the said Auburn State Bank refused to renew the same; and thereupon this plaintiff and the said Ivan Erisman on or about July 5, 1947 procured from the Carson National Bank of Auburn, Nebraska the sum of $11,000.00, and on July 5, 1947 paid said sum to the Auburn State Bank in payment of said previous loan as hereinbefore described; that thereafter said loan was renewed from time to time with the said Carson National Bank; that on April 25, 1949 the last renewal of said note was made with the said Carson National Bank, and at said time the defendant, Ivan Erisman, through inadvertence, failed to sign said renewal note in the sum of $11,000.00, but the same was signed only by this plaintiff; that said renewal note was, however, executed by this plaintiff as renewal for the previous note theretofore executed by this plaintiff, and the said Ivan Erisman; and represented the advancement procured by this plaintiff for said corporation in accordance with the agreement hereinbefore set forth; that entire sum of $11,000.00 was received by the said Auburn Nebraska Alfalfa Company under the provisions of the oral agreement between the directors and stockholders hereinbefore set forth; * * * that on or about July 2, 1949 the plaintiff was called upon and did pay the said note to the said Carson National Bank; and the plaintiff thereafter demanded of the defendants that they contribute equally toward the amount of said payment, but that the defendants and each of them have failed, neglected and refused to pay the same or any part thereof, or to make any contribution toward the reimbursement of the plaintiff for the amount so advanced by him.

"6. That the total amount so advanced by the plaintiff on said note, including the interest paid thereon, amounted to the sum of $12,826.33, for which said sum, together with interest thereon, from the date of such

advancement, the plaintiff is entitled to contribution from the defendants. * * *

"8. That all together this plaintiff advanced to and for said corporation, in accordance with the agreement and understanding of the parties herein set forth, the total sum of $25,263.93; and said corporation has failed to repay to this plaintiff any part thereof, and no part of said sum can ever be recovered from said corporation; that under the agreement of the parties, as hereinbefore set forth, the defendants are obligated to contribute to this plaintiff sufficient funds, so that the advancements made by the plaintiff for said corporation will not exceed one-fifth of the total advanced by all of the parties for the benefit of said corporation. * * *

"10. * * * plaintiff alleges that the amounts advanced by him to and for the benefit of said corporation are far in excess of the equal one-fifth share which plaintiff was required to make by the terms of the agreement between the parties; and that, upon such accounting plaintiff is entitled to a judgment against the defendants for the excess amount advanced by the plaintiff and for contributions from the defendants for such excess."

The prayer is to the same effect as the petition, the pertinent part of which is as follows: "* * * that upon such accounting, adjustment be made as to the excess which the plaintiff has advanced beyond the one-fifth share of the total advancements required of him: that a judgment be entered against the defendants and each of them for contributions towards the excess amount advanced by this plaintiff; that this plaintiff have and recover judgment against each of the defendants for the equal share of repayment of the amount advanced by this plaintiff * * * together with interest thereon * * *."

As is apparent from what has been quoted herein the plaintiff elected his remedy and by his pleading, instead of incorporating anything which would give him the right to recover on the theory he now urges in this court, he has expressly and unequivocally precluded any

such right. These express and unequivocal declarations, under a well-established rule, are judicial admissions.

The applicable rule is as follows: "Admission made in a pleading on which the trial is had is more than an ordinary admission. It is a judicial admission. It is not a means of evidence, but a waiver of all controversy, so far as the adverse party desires to take advantage of it, and is therefore a limitation of the issues." Barkalow Bros. Co. v. English, 159 Neb. 407, 67 N. W. 2d 336. See, also, Bonacci v. Cerra, 134 Neb. 476, 279 N. W. 173; Kuhlman v. Farmers Union Co-Operative Assn., 152 Neb. 597, 42 N. W. 2d 182; Anderson v. Evans, 164 Neb. 599, 83 N. W. 2d 59.

Under the circumstances of this case it must be said that on this record the appellant is bound by his judicial admissions. As has been indicated it is readily observable from what has been quoted herein that he has pleaded no theory other than a right of recovery based upon contract for contribution among the appellant and the four defendants. Moreover, none was presented by motion for leave to amend or any other type of motion during the trial, before or after the motions to dismiss were sustained, by suggestion in the examination of witnesses during the trial, or even in the motion for new trial. The theory advanced on the appeal appears for the first time in the assignments of error in the brief of appellant filed in this court. This comes too late to require consideration here.

In Horbach v. Butler, 135 Neb. 394, 281 N. W. 804, it was said: "An issue not raised by the pleadings and proof in the district court cannot be raised for the first time in the supreme court."

In Callahan v. Prewitt, on motion for rehearing, 143 Neb. 793, 13 N. W. 2d 660, it was said: "Except as to questions of jurisdiction, questions not presented to nor passed on by the trial court will not be considered on appeal." See, also, Williams v. Lantz, on rehearing, 123 Neb. 790, 244 N. W. 400; State ex rel. Sorensen v.

Commercial State Bank, 126 Neb. 482, 253 N. W. 692; Badura v. Lyons, 147 Neb. 442, 23 N. W. 2d 678; Sorter v. Citizens Fund Mutual Fire Ins. Co., 151 Neb. 686, 39 N. W. 2d 276; Young v. McCoy, 152 Neb. 138, 40 N. W. 2d 540.

There is no intent or purpose to say either that in his petition appellant could not have alleged facts which would have permitted him to assert the cause of action he now seeks to assert on this appeal, or to say that he could not plead such a valid cause of action in another action. The only purpose here is to say that in this action he elected his remedy and by the manner in which he made the election he is barred from presenting on this appeal his new theory. These are questions not properly before the court in this action.

In summary, the evidence adduced at the trial supports neither the theory set forth in the pleadings on which the appellant submitted the case to the district court, the theory on which he seeks a reversal by this court, nor any other theory which could be the basis of a recovery in his favor in this action.

In the light of this it may not be said that the district court erred in dismissing the petition of the appellant. The judgment is therefore affirmed.

AFFIRMED.