GARVIN, Estate of, In re.

Probate Court, Columbiana County.

No. 56868.   Decided February 8, 1961.

For further history see *Omnibus Index* in bound volume.

TOBIN, J.   Application for Letters of Administration was filed January 10, 1961, by A. J. Brown, who was neither a relative, nor does it indicate that he is a creditor, and thus is a complete stranger to the decedent and to the estate.   The application indicates that neither the surviving spouse nor any

of the children are residents of the State, with the exception of Benjamin C. Garvin, Jr., who is a resident of this County. The application contained a waiver by said Benjamin C. Garvin, Jr., in favor of said A. J. Brown, and on the same day application was filed appointment was made. The case also indicates that on January 24, 1961, the said Benjamin C. Garvin, Jr., filed a motion asking the appointment of A. J. Brown be set aside on the grounds he did not knowingly sign as surety or his waiver and consent to the appointment.

The record also indicates that except for the appointment, nothing has been done in the administration of this estate.

Upon the evidence adduced from said Benjamin C. Garvin, Jr., the Court finds that while he did not understand all the ramifications of the appointment of A. J. Brown, he did know that Mr. Brown would administer the estate. The Court specifically finds that there was no fraud or deceit on the part of anyone in the securing of the appointment.

The Court also finds from the evidence of Benjamin C. Garvin, Jr., he definitely does not desire the said A. J. Brown to administer this estate and does by his motion, and in open Court, renounce his former waiver and consent to the appointment of A. J. Brown.

Section 2113.06, Sub-section B, Revised Code, states that "administration shall be given to one of the next of kin, resident of the County." The sole question in this case is whether or not after the appointment is made the Defendant may renounce and withdraw his waiver and consent. In the case of *In re Welch*, 29 Ohio Law Abs., Page 11, sub-note 7, the Court decided, and I think very properly so, that a waiver may be withdrawn prior to the appointment. However, in the instant case, an appointment was made. The Court feels however, that the law favors the placing of administration of estates, by virtue of Section 2113.06, Revised Code, first in the hands of the family of the decedent. The Court therefore rules that the said Benjamin C. Garvin, Jr., could withdraw his waiver and consent inasmuch as there has been no action as yet on the part of A. J. Brown toward the administration of this estate. Therefore, A. J. Brown, is hereby relieved of his duties as administrator and the said Benjamin C. Garvin, Jr., is appointed upon the filing of a proper bond.

The decision in this case is limited, however, to the facts of the case, i. e., that there has been no action in the estate other than the naked appointment. Under these facts, and these facts alone, I believe the son and heir has a right to withdraw his waiver and consent and ask that he be appointed. Had the estate been administered to any extent by the said A. J. Brown, then this Court would have held that the said Benjamin C. Garvin, Jr., was estopped from withdrawing his waiver and consent and that the best interests of the estate required that the administrator continue to administer the estate. However, in the instant case the estate can not suffer in any manner, since nothing has been done in the estate. The Court therefore, will permit the withdrawal of the waiver and consent and will appoint the son, resident of the County, as administrator.

The attorney, W. S. Foulks for the said A. J. Brown, shall receive a fee of $50.00, and the said A. J. Brown, shall receive a fee of $25.00, for their efforts to date. This amount, to-wit, $75.00, shall be deducted from any fees that the said Benjamin C. Garvin, Jr., will be allowed as administrator, so that in no manner or form will the estate suffer.

See Journal.