ROBERT C. GOLDSBERRY ET AL., APPELLANTS, V. CITY OF OMAHA, NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

151 N. W. 2d 329

Filed June 2, 1967. No. 36470.

Ralph R. Bremers, for appellants.

Herbert M. Fitle, Frederick A. Brown, Edward M. Stein, Walter J. Matejka, James E. Fellows, Allen L. Morrow, P. D. Spenceri, and Theodore L. Carlson, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is a proceeding brought by Robert C. Goldsberry and Alice Goldsberry to review a resolution of the city council of the City of Omaha, Nebraska, declaring a structure owned by the plaintiffs to be a public nuisance and ordering its demolition. The trial court found that the evidence sustained the finding of the city council and dismissed the action. The plaintiffs' motion for new trial was overruled and they have appealed.

The structure consists of three frame buildings used for storage which are located at the rear of a residential lot. One building is 8 feet by 10 feet, another 6 feet by 4 feet, and a third 4 feet by 4 feet. Although the buildings are separate, they are adjacent to each other and were considered as a unit.

The Omaha building code provides that the building inspector shall inspect buildings within the city limits annually to determine whether they are "dangerous buildings." A "dangerous building" is defined to include any building or structure whose interior walls or other vertical structural members list, lean, or buckle to such an extent that a plumb line passing through the center of gravity falls outside of the middle third of its base. It is the duty of the building inspector to notify the owner of a dangerous building to repair or demolish the building.

A dangerous building which can reasonably be repaired so that it will no longer exist in violation of the code is to be repaired. A dangerous building which cannot be repaired so that it will no longer exist in violation of the code, or which is 50 percent damaged, decayed, or deteriorated from its original value is to be demolished.

Noncompliance with the notice from the building inspector is reported to the chief of the permits and inspections division who then notifies the owner to appear before him and show cause why the dangerous building should not be repaired or demolished as set forth in the building inspector's notice. A hearing is held, evidence taken, and findings of fact made. Any building found to be a dangerous building is to be ordered repaired or demolished.

The code further provides that a dangerous building is declared a nuisance. The chief of the permits and inspections division is required to report in writing to the council any building which is a nuisance. Notice is then given to the owner that he may appear at a hearing before the city council and show cause why the building should not be condemned. The council is authorized to order the demolition of any building found to be a nuisance.

The record in this case shows that Robert C. Goldsberry received a notice from the building inspector

dated October 28, 1965, directing him to demolish two sheds. On November 11, 1965, a notice was mailed to Robert C. Goldsberry directing him to appear before the permits and inspections division on November 19, 1965, and show cause why the two sheds should not be declared a nuisance. Although the structure was described as "two sheds," the plaintiffs were not prejudiced by any inaccuracy in the description in the notices. The record indicates that the plaintiffs appeared at the hearing on November 19, 1965, and were represented by counsel.

The report of the chief of the permits and inspections division to the council was filed on December 21, 1965, and the plaintiffs were notified to appear before the council on January 11, 1966. At the conclusion of that hearing, the city council adopted a resolution declaring the structure a nuisance and ordering its demolition.

The plaintiffs contend that the council had no jurisdiction because there had been no prior review by the city building review board. The plaintiffs rely upon section 37.99.020 of the code which provides where there is a right of appeal to the city building review board in a matter involving the exercise of discretion, such an appeal shall be a condition precedent to any action of the city council.

The function of the city building review board is to decide controversies concerning methods of building, use of processes and devices, strength and character of construction, and other technical matters concerning building construction. The code provides that any person aggrieved by a decision of the chief of the permits and inspections division may appeal to the building review board and from that board to the district court.

An appeal to the building review board is a remedy designed to provide relief from a decision of the chief of the permits and inspections division. The code does not require the chief of the permits and inspections division to submit his decisions to the building review board for approval. The plaintiffs did not attempt to appeal to

the building review board and have waived any right of review by that board which they may have had. They cannot now complain that the matter was not submitted to the building review board.

The plaintiffs' witnesses testified that the structure had a list of 1½ or 2 inches. The city's witnesses testified that the structure had a list of from 3 to 6 inches. The evidence shows that the structure in question was built with 2 by 4 lumber and that a list of a little less than ⅝ of an inch measured at the center of gravity would put the structure in violation of the code. The evidence was sufficient to sustain a finding that the structure was a dangerous building as defined by the code.

The plaintiffs contend that they should have been given an opportunity to repair the structure, and produced testimony to the effect that the structure could be repaired for approximately $50 or $55. The city's witnesses testified that the structure was in a dilapidated condition and should be demolished. The chief field inspector for the city testified that in his opinion the structure could not be repaired by the methods suggested by the plaintiffs' witnesses. The city's evidence was sufficient to sustain a finding that the structure could not be repaired so that it would no longer be in violation of the code and should, therefore, be demolished.

The power of the city to order the removal of a dangerous building which constitutes a nuisance was recognized in Horbach v. Butler, 135 Neb. 394, 281 N. W. 804. The evidence in this case was sufficient to sustain the finding of the district court, and its judgment is affirmed.

AFFIRMED.