Clifford L. POWELL, et al., Appellants,

v.

CITY OF CLEARWATER, Respondent.

No. C2–86–255.

Court of Appeals of Minnesota.

June 10, 1986.

James P. Agosto, Agosto Law Office, Monticello, for appellants.

Robert J. Feigh, Lynne M. Bokinskie, Hall, Byers, Hanson, Steil & Weinberger, St. Cloud, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Respondent city razed appellants' building after appellants' failure to correct hazardous conditions. Appellants' subsequent complaint for damages was dismissed by summary judgment. They claim summary judgment was improper because (1) genuine issues of material fact exist and (2) the cause of action is not barred by res judicata. We affirm.

## FACTS

On January 3, 1983, respondent City of Clearwater by its city council found a vacant, two-story house owned by James and Marilyn L. Almquist to be a hazardous building. The corresponding order stated:

> Pursuant to the foregoing findings and in accordance with Minnesota Statutes, Sections 463.15 to 463.261, the council hereby orders the record owners of the above hazardous building or their representative to raze and remove such building within thirty (30) days of the service of this order. The council further orders that all personal property or fixtures that may unreasonably interfere with the razing and removal of the building shall be removed within thirty (30) days, and if not so removed by the owner, the City of Clearwater may remove and sell such personal property or fixtures at public auction in accordance with law.

> The council further orders that unless such corrective action is taken or an answer is served upon the City of Clearwater and filed in the office of the Clerk of District Court of Wright County, Minnesota, within twenty (20) days from the date of the service of this order, a motion for summary enforcement of this order will be made to the District Court of Wright County.

The Almquists received notice by mail of respondent's order. In May 1983, the Almquists informed respondent they were going to raze the building. The house was not razed. The Almquists instead transferred their interest to appellants Clifford L. and Flora L. Powell by deed recorded May 27, 1983. Appellants are the parents of Marilyn Almquist.

Respondent by letter dated June 8, 1983 informed appellants regarding the hazardous classification and stated:

> By action of the City Counsel, the house is to be removed and the hole filled in by June 26, 1983.

Respondent personally served appellants its January 1983 order on August 9, 1983.

On August 30, 1983, respondent moved for summary enforcement of its January 1983 order. Hearing on September 9, 1983 was originally scheduled in Buffalo in Wright County. Appellants arrived there and were informed the hearing had been rescheduled for that afternoon in Elk River in Sherburne County. Appellants told the Elk River trial court they could not attend. The trial court proceeded anyway, finding appellants' physical appearance was not necessary because of their failure to answer respondent's order.

On September 19, 1983, the Elk River trial court issued its findings, conclusions and order for summary enforcement. Judgment was filed on September 20 authorizing razing within 30 days.

Respondent razed the house. On January 23, 1984, an order for approval and allowance regarding the cost of razing was filed. Appellants were assessed $2654.55 as tax on the property for failure to pay the allowance.

On June 11, 1984, appellants served respondent a notice of claim. On June 10, 1985, appellants served respondent a summons and complaint alleging their "property was taken for public use without just compensation" and seeking $50,000 in damages. The complaint alleged that despite expenditure of substantial time and materials, appellants were unable to fully correct all hazardous conditions in large part due to respondent's repeated denials of building permits.

On September 27, 1985, the trial court heard respondent's motion for summary judgment. By order dated October 1, 1985, the trial court granted respondent's motion and directed entry of judgment. Judgment was entered on November 13, 1985, dismissing appellants' complaint with prejudice. Appeal is made from the November 13 judgment.

## ISSUE

Was summary judgment proper?

## ANALYSIS

1. Appellants claim several genuine issues of material fact exist precluding summary judgment. *See* Minn.R.Civ.P. 56.03. Among them are whether (1) appellants were precluded from correcting the hazardous conditions because respondent denied building permits, (2) respondent fully complied with Minn.Stat. ch. 463, (3) appellants received adequate notice of the Elk River hearing, (4) appellants made an appearance to prevent summary enforcement of respondent's order, and (5) respondent's acts of condemning, razing and assessing appellants' property were continuous or separate.

2. Respondent argues no issues of material fact were before the trial court.

A material fact is one of such a nature as will affect the result or outcome of the case depending upon its resolution.

*Rathbun v. W.T. Grant Co.,* 300 Minn. 223, 229, 219 N.W.2d 641, 646 (1974).

Respondent asserts appellants' claim for damages is barred by res judicata regardless of factual issues.

[E]stoppel by judgment, serves as an absolute bar to a subsequent suit on the same cause of action both as to matters actually litigated and as to other claims or defenses that might have been litigated.

*Roseberg v. Steen,* 363 N.W.2d 102, 105 (Minn.Ct.App.1985).

The Elk River trial court's judgment filed September 20, 1983 enforced respondent's order issued pursuant to Minn.Stat. § 463.17. That court rendered default judgment pursuant to Minn.Stat. § 463.19 and authorized razing within 30 days unless appellants corrected the hazardous conditions.

Respondent argues appeal should have been made from the September 1983 judgment (or in the alternative from the January 23, 1984 order for approval and allowance) and appellants' June 1985 complaint is a collateral attack.

Appellants' complaint does wrongfully challenge the propriety of the default judg-

ment. It challenges the finding they did not "appear" and alleges they did not receive sufficient notice. The complaint also alleges efforts to correct the hazardous conditions. That argument should have been made by answer to respondent's order regarding efforts made prior to the default judgment.

3. Appellants also allege denial of building permits *subsequent* to the Elk River trial court's judgment. Those alleged efforts could not have been litigated prior to the default judgment. Contrary to respondent's claim, however, res judicata does not bar appellants' subsequent complaint regarding alleged *post-judgment* actions to correct the defective conditions.

Appellant Clifford Powell by affidavit alleged:

> That Affiant was repeatedly denied building permits for electrical, plumbing, heating and other repairs to correct the alleged hazardous conditions * * * subsequent to * * * the District Court's Order.

> \*   \*   \*   \*   \*   \*

> That Affiant was unable to fully correct all the alleged hazardous conditions due to City of Clearwater's actions of denying building permits.

But as the Minnesota Supreme Court has stated:

> Upon a motion for summary judgment supported by affidavits setting out specific facts which, if true, would demonstrate the absence of a cause of action, the adverse party cannot preserve his right to a trial on the merits merely by referring to unverified and conclusionary allegations in his pleading or by postulating evidence which might be developed at trial in the course of cross-examination of adverse parties under the rules. He must instead present specific facts showing a genuine issue for trial.

*Rosvall v. Provost*, 279 Minn. 119, 124, 155 N.W.2d 900, 904 (1968) (citation omitted); *see* 2A D. Herr & R. Haydock, *Minnesota Practice* § 56.16 (1985).

Respondent through the city clerk's affidavit did present specific facts alleging absence of a cause of action as follows:

> That at all times material, applications for building permits would be submitted through me to the City of Clearwater.

> That Mr. Powell did not obtain a building permit for doing the work in question. The City, through the City Building Inspector, went to the property and informed Mr. Powell just what had to be done to comply with the Order, but Mr. Powell indicated that he would not do that work.

> On August 15, 1983, Mr. Powell approached the City, and indicated that he would not make a written application for a building permit.

> Mr. Powell was continuously unwilling to apply for a building permit in sufficient amounts that would have been required to comply with the Order.

> Mr. Powell never deposited with the City any amounts as required to process and obtain building permits.

> Following the Court's Order, Mr. Powell never made application for a building permit.

Appellant by not rebutting respondent's affidavit with specific facts failed to present evidence to avoid summary judgment.

4. If appellants' complaint is seeking damages for condemnation, such cause of action does not exist. Respondent is given the power to raze the property without acquiring the building by eminent domain. *See* Minn. Stat. § 463.21.

## DECISION

The trial court properly entered summary judgment.

Affirmed.