ROBERT HROCH, APPELLANT, V. CITY OF OMAHA, APPELLEE.

413 N.W.2d 287

Filed October 2, 1987.    No. 86-005.

John W. Steele of Schumacher & Gilroy, for appellant.

Herbert M. Fitle, Omaha City Attorney, and Allen L. Morrow, for appellee.

BOSLAUGH, C.J., Pro Tem., WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

BOSLAUGH, C.J., Pro Tem.

This was a proceeding in error brought by Robert Hroch to review the order of the city council of the City of Omaha, Nebraska, affirming the order of the housing division of the housing and community development department of the city declaring the building at 1906 Cuming Street to be a nuisance and directing the owner of the property, the plaintiff in error, Hroch, to cause the building to be torn down and removed.

The trial court found that the order should be affirmed. The plaintiff has appealed.

In *Goldsberry v. City of Omaha*, 181 Neb. 823, 151 N.W.2d 329 (1967), the authority of a city of the metropolitan class to remove or order the removal of a dangerous building which has become a nuisance because of its condition was recognized.

The plaintiff contends that the order of condemnation is not supported by the evidence, that the procedures followed by the city denied him due process of law, and that the city exceeded the scope of the authority vested in it by the Legislature.

The record shows that the plaintiff has owned the property since 1975. In 1978 or 1979 the building was damaged by fire and has been in a state of disrepair continuously since that time. At the hearing before the council the plaintiff stated that he had not repaired the building because he had insufficient funds to do so.

The reports of inspection show that the building is not secured and is frequented by transients. Approximately 20 percent of the roof is uncovered and open. All of the window glass is broken out, five floor joists are charred, the rear wall is cracked, the second floor roof is 100 percent fire damaged, and all plumbing fixtures have been removed. Transients who enter

the building for shelter build fires which constitute a hazard and danger to adjoining property.

In a proceeding in error, if it appears that an administrative agency has acted within its jurisdiction and there is some competent evidence to sustain its findings and order, the order will be affirmed. *First Nat. Bank & Trust Co. v. Ley*, 182 Neb. 164, 153 N.W.2d 743 (1967). Competent evidence in such a case means evidence that tends to establish the fact in issue. *Shepherd v. City of Omaha*, 194 Neb. 813, 235 N.W.2d 873 (1975).

The evidence which was before the council was sufficient to support its finding that the order of condemnation should be affirmed.

The plaintiff's primary contention that he was denied due process of law centers around his claim that he did not receive notice of the hearing before the director of the housing and community development department. The record does not show that a notice as required by the ordinances of the city was sent to the plaintiff. However, under the circumstances in this case, that defect does not affect the validity of the proceeding.

The ordinance provides that the property owner may appeal to the city council within 15 days. In this case the plaintiff perfected an appeal to the council, which hears "the testimony of the objectors and the director of the housing and community development department and other interested parties." Omaha Mun. Code, ch. 43, art. II, § 43-125 (1982).

" '* * * The due process clause does not guarantee to a citizen of a State any particular form or method of state procedure. Its requirements are satisfied if he has reasonable notice, and reasonable opportunity to be heard and to present his claim or defence, due regard being had to the nature of the proceedings and the character of the rights which may be affected by it.' . . ."

*Webber v. City of Scottsbluff*, 155 Neb. 48, 52, 50 N.W.2d 533, 537 (1951). Since the plaintiff had the right to a full evidentiary hearing before the council, no prejudice resulted from the failure to notify the plaintiff of the first hearing before the director. The plaintiff was not prevented from presenting anything to the council that could have been presented earlier to

the director.

By statute, cities are empowered to define, regulate, and suppress nuisances and remove unsafe buildings which are a public nuisance.

Neb. Rev. Stat. § 18-1720 (Reissue 1983) provides:

> All cities and villages in this state are hereby granted power and authority by ordinance to define, regulate, suppress and prevent nuisances, and to declare what shall constitute a nuisance, and to abate and remove the same. Every city and village is authorized to exercise such power and authority within its zoning jurisdiction.

Neb. Rev. Stat. § 18-1722 (Reissue 1983) provides:

> In case any owner of any building or structure shall fail, neglect or refuse to comply with notice by or on behalf of any city or village to repair, rehabilitate, or demolish and remove a building or structure which is an unsafe building or structure and a public nuisance, the city or village may proceed with the work specified in the notice to the property owner. A statement of the cost of such work shall be transmitted to the governing body, which is authorized to levy the cost as a special assessment against the land. Such special assessment shall be a lien on the real estate and shall be collected in the manner provided for special assessments.

Cities of the metropolitan class are granted additional powers. Neb. Rev. Stat. § 14-102 (Reissue 1983) provides:

> . In addition to the powers granted in section 14-101, metropolitan cities, as therein defined, shall have power by ordinance:
>
> . . . .
>
> (32) To prescribe fire limits and regulate the erection of all buildings and other structures within the corporate limits; to provide for the removal of any buildings, or structures or additions thereto erected contrary to such regulations, to provide for the removal of dangerous buildings, and to provide that wooden buildings shall not be erected or placed or repaired in the fire limits; but such ordinance shall not be suspended or modified by resolution nor shall exceptions be made by ordinance or

resolution in favor of any person, firm, or corporation, or concerning any particular lot or building; to direct that all and any building within such fire limits, when the same shall have been damaged by fire, decay, or otherwise, to the extent of fifty per cent of the value of a similar new building above the foundation, shall be torn down or removed; and to prescribe the manner of ascertaining such damages and to assess the cost of removal of any building erected or existing contrary to such regulations or provisions, against the lot or real estate upon which such building or structure is located or shall be erected, or to collect such costs from the owner of any such building or structure and enforce such collection by civil action in any court of competent jurisdiction . . . .

Neb. Rev. Stat. § 14-419 (Reissue 1983) provides:

The city council, in cities of the metropolitan class, shall have the power by ordinance to regulate, in areas within three miles of the corporate limits, except as to construction on farms for farm purposes . . . (2) the removal and tearing down of buildings, dwellings, and other structures in such areas which constitute nuisances because of the dilapidated, unsafe, or rundown condition or conditions . . . .

The city has enacted ordinances which implement the authority granted by statute.

Omaha Mun. Code, ch. 43, art. II, § 43-114 (1982) provides:

Any building or structure found to be unsafe or unfit for occupancy or use, or any building or structure which is liable to fall or collapse from inherent structural weakness, or as the result of fire, decay or otherwise, and which the owner refuses to repair in accordance with the provisions of this division and the city's building code, or any structure located within the fire limits which has deteriorated from any cause to the extent of fifty (50) percent of the cost of a similar new building above the foundations, is hereby declared to be a nuisance. (Code 1959, § 37.08.040; Ord. No. 28752, 6-12-79)

Omaha Mun. Code, ch. 43, art. II, § 43-141 (1982) provides:

Any and all buildings or structures which have any or

all of the following defects are hereby declared to be dangerous buildings:

. . . .

(i) All buildings and structures which because of their condition are unsafe, unsanitary or dangerous to the health, safety or general welfare of the people of the city.

Omaha Mun. Code, ch. 43, art. II, § 43-143 (1982) provides:

All dangerous buildings within the terms of this division are hereby declared to be nuisances and shall be repaired, vacated, or demolished as herein provided. (Code 1959, § 37.08.080; Ord. No. 28752, 6-12-79)

The evidence which has been previously summarized was sufficient to support the finding of the city council that the building in question was a nuisance and subject to condemnation and that the city did not exceed the authority vested in it by the Legislature.

The judgment is affirmed.

AFFIRMED.