Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/27/2016 09:05 AM CDT

Stephen Lindsay, Special Administrator
of the Estate of Mary F. Lindsay, et al.,
appellants, v. Patricia M. Fitl, Personal
Representative of the Estate of
James G. Fitl, appellee.

___ N.W.2d ___

Filed May 27, 2016.    No. S-15-757.

1. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.
2. ____: ____. In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence.
3. **Summary Judgment: Motions to Dismiss: Claims: Parties.** If, on a motion asserting the defense to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Neb. Rev. Stat. §§ 25-1330 to 25-1336 (Reissue 2008), and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by statute.
4. **Standing: Jurisdiction.** Standing requires that a litigant have a personal stake in the outcome of a controversy that warrants invocation of a court's jurisdiction and justifies exercise of the court's remedial powers on the litigant's behalf.
5. **Standing: Claims: Parties: Proof.** To have standing, a litigant must assert its own rights and interests and demonstrate an injury in fact, which is concrete in both a qualitative and temporal sense.

6. **Corporations: Actions: Parties: Proof.** In order to establish an individual harm to support a claim, the shareholder must allege a separate and distinct injury or a special duty owed by the party to the individual shareholder.
7. **Corporations: Actions: Parties: Damages.** Even if a shareholder establishes that there was a special duty, he or she may only recover for damages suffered in his or her individual capacity, and not injuries common to all the shareholders.
8. **Corporations: Actions: Parties.** Even though all shares of stock of a corporation may be owned by a small number of shareholders or by one shareholder alone, a shareholder cannot sue individually concerning rights which belong to the corporation.

Appeal from the District Court for Douglas County: MARLON A. POLK, Judge. Affirmed.

Thomas M. White, C. Thomas White, and Amy S. Jorgensen, of White & Jorgensen, for appellants.

Michael S. Degan, of Husch Blackwell, L.L.P., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, MILLER-LERMAN, CASSEL, STACY, and KELCH, JJ.

KELCH, J.
## NATURE OF CASE
Mary F. Lindsay, Mary H. Lindsay, Daniel Lindsay, Michael Lindsay, Alice Lindsay, Stephen Lindsay, and Marguerite Ford (collectively the Lindsays) filed suit against James G. Fitl (Fitl) for breach of various fiduciary duties. A motion to dismiss was granted on the bases that the Lindsays' claims were derivative and that they were divested of their standing when the Federal Deposit Insurance Corporation (FDIC) filed an action in federal court. Now, the Lindsays have appealed to this court. We affirm.

## FACTS
This case arises out of the Lindsays' claim that Fitl, another minority shareholder, breached fiduciary duties in connection

with his role as an officer and director of Mid City Bank, Inc., and the 304 Corporation. The Lindsays were minority shareholders of the 304 Corporation, a Nebraska corporation, its principal asset being Mid City Bank.

Although unrelated to issues presented in this appeal, we note that the Lindsays have twice amended their complaint to reflect substitutions of the parties. Mary F. Lindsay passed away in 2013, and in August 2014, Stephen Lindsay, as the special administrator of her estate, was substituted in her place. Defendant Fitl also passed away, and in the third amended complaint, Patricia M. Fitl, the personal representative of Fitl's estate (personal representative), was substituted in his place.

In August 2010, the Nebraska Department of Banking and Finance and the FDIC began a joint examination of the condition of Mid City Bank. On November 4, 2011, the Department of Banking and Finance appointed the FDIC as receiver of the bank, stating as its reason that "'large commercial real estate loan and poor management practices . . . led to a deterioration of the bank's capital'" and that the department was left with "'no option but to declare the insolvent institution receivership.'" After some time, the bank reopened, and the receiver continued to operate the bank, which was in good standing as of the date of the hearing. The FDIC did not place any of the 304 Corporation's other assets into receivership.

On July 17, 2012, the Lindsays filed their first complaint against defendant Fitl, now defendant personal representative, alleging breach of fiduciary duties. The complaint was amended with minor changes in August and October 2014 and in April 2015. The Lindsays did not allege breach of contract in any version of the complaint.

On November 4, 2014, the FDIC filed a federal action against Fitl's estate in the U.S. District Court for the District of Nebraska, in case No. 8:14-cv-00346, alleging, among other things, that Fitl "was grossly negligent and breached his fiduciary duties" and that because of the receivership, and pursuant

to 12 U.S.C. § 1821(d)(2)(A)(i) (2012), the FDIC succeeded to all rights, titles, powers, and privileges of Mid City Bank and its shareholders, accountholders, and depositors, "including, but not limited to, [the bank's] claims against [its] former directors and officers."

On April 16, 2015, the personal representative filed a motion to dismiss the third amended complaint pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6). In support of this motion, the personal representative alleged that all the claims asserted by the Lindsays in their third amended complaint were "the exclusive province of the [FDIC], as receiver for Mid-City Bank," and were the subject of pending litigation in federal court.

On May 27, 2015, before the hearing on the personal representative's motion to dismiss, the Lindsays filed a motion for leave to file a fourth amended complaint. The proposed fourth amended complaint merely added an allegation that the Lindsays filed a claim with the personal representative, which was disallowed.

The hearing on the personal representative's motion to dismiss was held on June 16, 2015. Although the Lindsays had not previously alleged a breach of contract, they argued at the hearing that Fitl breached the "Fitl Lindsay 304 Corporation Buy-Sell Agreement" (Buy-Sell Agreement).

On July 29, 2015, the district court granted the personal representative's motion to dismiss, finding that the Lindsays' claims were derivative of the corporation and that as a result of the FDIC's federal action, the Lindsays' claims were exclusively vested with the FDIC. Therefore, the Lindsays had no standing to pursue them. The district court also denied the Lindsays' motion to amend and found that any further amendments would be futile due to the FDIC's federal action. The trial court signed and filed the same order again on August 3, without any explanation. The Lindsays appeal from both the July 29 and August 3 orders.

## ASSIGNMENTS OF ERROR

The Lindsays assign, combined and restated, that the district court erred (1) in finding that their claims were derivative of the corporation, (2) in finding that the FDIC's federal action divested them of their standing, and (3) in stating that further amendment would be futile.

## STANDARD OF REVIEW

[1,2] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Waldron v. Roark*, 292 Neb. 889, 874 N.W.2d 850 (2016). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence. *Id.*

## ANALYSIS

[3] As an initial matter, we must determine whether the district court's decision to receive the Buy-Sell Agreement transformed the motion to dismiss into a motion for summary judgment. Section 6-1112(b) provides, in relevant part:

> If, on a motion asserting the defense . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in §§ 25-1330 to 25-1336, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by statute.

At the commencement of the hearing, the district court took judicial notice of documents within the public record. However, later in the proceedings, the district court received an affidavit of Stephen Lindsay and the Buy-Sell Agreement.

For purposes of a motion to dismiss, "'"'the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings."'" *DMK Biodiesel v. McCoy*, 285 Neb. 974, 980, 830 N.W.2d 490, 496 (2013), quoting *Miller v. Redwood Toxicology Laboratory, Inc.*, 688 F.3d 928 (8th Cir. 2012). These documents embraced by the complaint are not considered matters outside the pleading. Documents embraced by the pleadings are materials "'"'alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."'" *Id.*, citing *Enervations, Inc. v. Minnesota Mining*, 380 F.3d 1066 (8th Cir. 2004), and quoting *Ashanti v. City of Golden Valley*, 666 F.3d 1148 (8th Cir. 2012). The Buy-Sell Agreement would be a "matter outside the pleading," since it was not referenced by the third amended complaint. With this court's having already determined that the word "shall" is mandatory and not permissive, in regard to § 6-1112(b), see *DMK Biodiesel v. McCoy, supra*, the personal representative's motion to dismiss became a motion for summary judgment.

We now consider the Lindsays' first two assignments that the district court erred in finding (1) that their claims were derivative of the corporation and (2) that the FDIC's federal action divested them of their standing.

[4,5] Standing requires that a litigant have a personal stake in the outcome of a controversy that warrants invocation of a court's jurisdiction and justifies exercise of the court's remedial powers on the litigant's behalf. *In re Invol. Dissolution of Wiles Bros.*, 285 Neb. 920, 830 N.W.2d 474 (2013). To have standing, a litigant must assert its own rights and interests and demonstrate an injury in fact, which is concrete in both a qualitative and temporal sense. *Butler Cty. Sch. Dist. v. Freeholder Petitioners*, 283 Neb. 903, 814 N.W.2d 724 (2012).

Both parties agree that the FDIC took control of Mid City Bank pursuant to 12 U.S.C. § 1821, which provides:

> (d) Powers and duties of Corporation as conservator or receiver
>
> . . . .
>
> (2) General powers
>
> (A) Successor to institution
>
> The Corporation shall, as conservator or receiver, and by operation of law, succeed to—
>
> (i) all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, accountholder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution[.]

[6,7] The personal representative argues that 12 U.S.C. § 1821(d)(2)(A)(i) grants exclusive jurisdiction of shareholder claims to the FDIC and that because the FDIC filed its lawsuit, the Lindsays now lack standing to bring an action which is derivative in nature. A derivative action is an action brought by a shareholder to enforce a cause of action belonging to the corporation. *McGill v. Lion Place Condo. Assn.*, 291 Neb. 70, 864 N.W.2d 642 (2015). In countering, the Lindsays argue that their claims are direct, not derivative, by stating in their brief: "Fitl breached the [Buy-Sell] Agreement by fraudulently misrepresenting facts affecting the value of the 304 Corporation . . . . These breaches create direct claims for breach of contract which are separate and distinct from the claims of other shareholders." Brief for appellants at 6. They assert that if a shareholder can establish an individual cause of action because the harm to the corporation also damaged the shareholder in his or her individual capacity, then the individual can pursue his or her claims. In order to establish an individual harm to support a claim, the shareholder must allege a separate and distinct injury or a special duty owed by the party to the individual shareholder. *Freedom Fin. Group v. Woolley*, 280 Neb. 825, 792 N.W.2d 134 (2010). Even

if a shareholder establishes that there was a special duty, he or she may only recover for damages suffered in his or her individual capacity, and not injuries common to all the shareholders. *Id.* The Lindsays contend that the breach of the Buy-Sell Agreement is a distinct injury and not common to all shareholders.

The personal representative points out that not one of the Lindsays' four filed complaints or the proposed fourth amended complaint alleges the existence of or breach of a Buy-Sell Agreement. The Lindsays' complaint places the personal representative on notice that their claim is in tort for breach of fiduciary duty, not a contract action. Although the rules of notice pleading have now been liberalized, the pleading must give fair notice of the claims asserted. See, *Davio v. Nebraska Dept. of Health & Human Servs.*, 280 Neb. 263, 786 N.W.2d 655 (2010); *Mahmood v. Mahmud*, 279 Neb. 390, 778 N.W.2d 426 (2010). The Lindsays argued for the first time at the hearing on the personal representative's motion to dismiss that their theory of recovery was for contract, not tort. With the Lindsays' third amended complaint clearly alleging a breach of fiduciary duty, it did not provide "fair" notice of a contract claim. The district court properly proceeded to evaluate the Lindsays' third amended complaint as alleging a breach of fiduciary duty.

[8] The Lindsays' third amended complaint alleges that as shareholders, they incurred injury due to the loss in value of their 304 Corporation stock caused by the breach of fiduciary duties by Fitl as an officer and director of Mid City Bank and the 304 Corporation. Previously, this court stated that "'[e]ven though all shares of stock of a corporation may be owned by a small number of shareholders or by one shareholder alone, a shareholder cannot sue individually concerning rights which belong to the corporation.'" *Freedom Fin. Group v. Woolley*, 280 Neb. at 833, 792 N.W.2d at 141, quoting *Meyerson v. Coopers & Lybrand*, 233 Neb. 758, 448 N.W.2d 129 (1989). Further, a "'"'diminution in value of a

stockholder's investment is a concomitant of the corporate injuries resulting in lost profits."'" *Id*. In this instance, the Lindsays' breach of fiduciary duties claim as alleged is similar to all other shareholders and did not arise from a special duty, since the injury was not "separate and distinct." Accordingly, the district court correctly concluded that the Lindsays' claims were derivative in nature and that as a result of the FDIC lawsuit, the Lindsays had no standing to bring a derivative action on behalf of the corporation. See, *Womble v. Dixon*, 752 F.2d 80 (4th Cir. 1984); *American Cas. Co. of Reading, Pa. v. FDIC*, 713 F. Supp. 311 (N.D. Iowa 1988); *Freedom Fin. Group v. Woolley, supra*.

After viewing the pleadings and evidence admitted at the hearing in a light most favorable to the party against whom judgment was granted and giving such party the benefit of all reasonable inferences deducible from the evidence, we perceive no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts**.** Thus, the personal representative was entitled to judgment as a matter of law. Although the district court followed a different standard in regard to the third amended complaint, no error was committed. See *Hamilton Cty. EMS Assn. v. Hamilton Cty.*, 291 Neb. 495, 866 N.W.2d 523 (2015) (where record demonstrates that decision of trial court is ultimately correct, although such correctness is based on ground or reason different from that assigned by trial court, appellate court will affirm).

Lastly, the Lindsays contend that the district court erred when it stated that further amendment would be futile. We read this assignment of error to effectively be a claim that the district court erred when it denied the Lindsays an opportunity to amend their complaint yet again to allege a contract cause of action. We reject this assignment of error.

The Lindsays first raised the contract theory in argument at the summary judgment hearing. However, the record shows no motion seeking to set aside the judgment or for leave to

amend based on contract either before or after summary judgment had been entered. So there was no matter on which to rule. The district court did not err when it merely commented on a hypothetical amended complaint.

## CONCLUSION

We determine that the district court did not err in granting a judgment which dismissed the Lindsays' third amended complaint.

AFFIRMED.