IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


MEINTS V. VILLAGE OF DILLER


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


DANIEL A. MEINTS, APPELLEE,

V.

VILLAGE OF DILLER, NEBRASKA, APPELLANT.


Filed June 1, 2021.    No. A-20-597.


Appeal from the District Court for Jefferson County, VICKY L. JOHNSON, Judge, on appeal thereto from the County Court for Jefferson County, LINDA A. BAUER, Judge. Judgment of District Court reversed, and cause remanded with directions.

Matthew B. Reilly and Thomas J. Culhane, of Erickson & Sederstrom, P.C., L.L.O., for appellant.

Terry K. Barber, of Barber & Barber, P.C., L.L.O., for appellee.


RIEDMANN, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

INTRODUCTION

The Village of Diller, Nebraska, appeals the Jefferson County District Court's order reversing the order of the Jefferson County Court which had dismissed with prejudice Daniel A. Meints' complaint alleging a statutory and constitutional taking of his property. For the reasons set forth herein, we reverse and remand with directions.

STATEMENT OF FACTS

In March 2019, Meints filed a complaint against the Village of Diller, Nebraska, and John and Jane Doe 1 through 10 (the Village) alleging a statutory and constitutional taking of his property located at 308 Castor Street without compensation. Meints alleged that in destroying his

structure on that property, the Village violated his rights to due process, equal protection, and that said destruction of property constituted an impermissible constitutional and statutory taking of his property. Meints sought damages, a declaratory judgment, and injunctive relief.

In response, the Village filed a motion to dismiss claiming the county court lacked subject matter jurisdiction of the cause or, in the alternative, Meints failed to state a claim upon which relief could be granted. The Village alleged that Meints' complaint arose out of the regulatory action taken by the Village of Diller Board of Trustees to abate a nuisance on Meints' property located at 308 Castor Street. Specifically, the Village alleged that on December 12, 2016, the Board passed Resolution 2016-D directing the abatement of the nuisance on said property; that at Meints' request, the Board scheduled a hearing for January 9, 2017, to enable Meints to present evidence and argument showing cause as to why the property should not be demolished; that Meints requested a continuance of the hearing, which the Board granted and which resulted in a rescheduling of the hearing to February 13; that Meints failed to appear at the rescheduled February 13 hearing; that the February 13 hearing was held and, Meints having failed to show cause as to why the property should not be demolished to abate the nuisance thereon, the Board approved the abatement of the nuisance on the property; and that the property was demolished on or about March 8. The Village further alleged that Meints did not appeal or seek judicial review of the Board's decision to demolish the property pursuant to Neb. Rev. Stat. § 84-917 (Reissue 2014) and that Meints' failure to institute error proceedings within 30 days of the Board's final decision rendered his claims barred as a matter of law. Finally, the Village alleged that Meints could not "state a due process claim because the Board afforded him ample due process by virtue of granting him a hearing and accommodating [Meints'] scheduling requests."

At the hearing on the motion to dismiss, the Village offered 4 exhibits into evidence: (1) a certified copy of Resolution 2016-D; (2) the minutes of the Diller Village Board meeting held on January 9, 2017; (3) the minutes of the Diller Village Board meeting held on February 13, 2017; and (4) a March 27, 2017, letter from Meints' attorney to the Village making a claim for injury or damage due to the Village destroying the "single-family dwelling" which had been situated on 308 Castor Street. The Village requested that the county court take judicial notice of these exhibits claiming they were public records. Meints objected to the exhibits stating that "it's kind of clumsy using exhibits on a motion to dismiss." Meints also posed hearsay, relevance, and completeness objections to the exhibits. The county court received the exhibits into evidence over Meints' objections. Meints did not offer any evidence at the hearing on the motion to dismiss.

On January 27, 2020, the county court granted the Village's motion and dismissed Meints' complaint with prejudice. In its order, the county court found:

> [The Village argues] that the proper remedy for [Meints] would have been via a petition in error or other appeal to the District Court within thirty (30) days of the Village's decision to demolish [Meints'] property. Since he did not do so, argues [the Village], [Meints'] complaint is an impermissible collateral attack on the Village's judicial decision to abate the nuisance pursuant to its police powers.
>
> [Meints] contends that the petition in error is not an exclusive remedy and that in any event, collateral attacks are permissible if the judgment is void. There is no allegation in the complaint, however, that the judgment of the Village of Diller Board is void, nor

does [Meints] argue that it is. The exhibits received for purposes of the hearing on this motion [to dismiss] indicate that the Board had jurisdiction over the parties and the subject matter. There [are] a substantial number of cases which deal with the jurisdictional requirements of Neb. Rev. Stat. [§] 25-1903. . . . Unless the judgment of the Village were held to be void, it appears that a petition in error was, in fact, the exclusive remedy available to [Meints].

The Court has carefully considered each allegation in the Complaint and weighed whether any state a claim separate and distinct from the resolution passed by the Village Board on December 12, 2016[,] and the action that ensued from that. As [the Village] points out, any declaratory relief is moot, since the property was demolished almost three years ago. And although there is an allegation of inverse condemnation, [Meints] has not argued that the Board's action was anything besides an exercise of police power, nor does the limited evidence presented at the hearing suggest it was anything but that. Notwithstanding Nebraska's liberal notice pleading, none of the allegations state a basis for a remedy that was not available to [Meints] if he had properly appealed the Board's decision through a petition in error.

It does appear to the Court that the inverse condemnation claims and request for a declaratory judgment alleged by [Meints] herein are an attempt to appeal the actions of the Village of Diller Board in exercising their police powers to abate a nuisance. As a result, [Meints] should have filed a petition in error and since he failed to do so, the case should be dismissed for lack of jurisdiction.

On February 2, 2020, Meints filed a "Motion to Alter or Amend" which was overruled by the county court. Meints then timely appealed to the district court including in his notice of appeal his statement of errors which provided that the court erred in (1) determining the facts of the case; (2) determining the controlling case law; (3) finding that it lacked subject matter jurisdiction as to a portion of Meints' claims; (4) finding that Meints had not adequately set forth facts regarding a taking or damage having taken place with respect to the property identified; (5) finding that Meints had not adequately pled that his property was taken or damaged for a public purpose; (6) failing to rule on his claims for a declaratory judgment, for injunctive relief, and based upon a constitutional taking; (7) declining certification of this action to district court; (7) failing to observe the requirements of Neb. Rev. Stat. § 76-706 (Reissue 2018) pertaining to the statutory process for a condemnation action; and (9) failing to provide leave to amend his complaint.

A hearing was held before the district court in June 2020. Three exhibits were admitted into evidence: the transcript from the county court, the bill of exceptions from the county court, and a supplemental transcript containing the county court's January 27, 2020, order.

In June 2020, the district court reversed the order of the county court finding that Meints had (1) "alleged an arguable inverse condemnation cause of action in his complaint that would not necessarily be defeated by a failure to file a petition in error"; (2) that the motion to dismiss was, in effect, a motion for summary judgment and Meints should have been allowed to present affidavits in opposition to the motion; and (3) "the granting of a Motion to Dismiss, without leave to amend to cure any defect, was in error." The district court specifically noted in its order:

[T]he [county] court was free to take judicial notice of the public record without converting the Motion to Dismiss into a Motion for Summary Judgment. . . . [Meints] agreed that the offered exhibits were part of the public record of the case. However, as the Answer of [the Village] is not in the transcript, this Court cannot make this determination.

## ASSIGNMENTS OF ERROR

The Village's assignments of error, consolidated and restated, are that the district court erred in (1) failing to consider exhibits that were properly offered and received in the county court and (2) reversing the county court's dismissal of Meints' complaint thereby effectively finding that Meints had stated a claim for relief sounding in inverse condemnation and that Meints could state a due process claim.

In its brief, the Village sets forth a concise summary of its arguments contending:

The district court erred in reversing the county court's dismissal of [Meints'] Complaint and, in conjunction with that error, the district court also erred in failing to consider the evidence--three public records and the tort claim that preceded the filing of the Complaint--that were properly admitted and considered by the county court, which the Village offered in support of its Motion to Dismiss. If the district court had considered the evidence, as the county court did and as it is authorized to do without converting the motion to one for summary judgment, it would have been equally clear to the district court, as it was to the county court, that Meints had not alleged a claim over which the county court had jurisdiction and that Meints is incapable of stating a claim for relief.

Brief for appellant at 10.

## STANDARD OF REVIEW

The district court and higher appellate courts generally review appeals from the county court for error appearing on the record. *Schaefer Shapiro v. Ball*, 305 Neb. 669, 941 N.W.2d 755 (2020); *Hauptman, O'Brien v. Auto-Owners Ins. Co.*, 29 Neb. App. 662, 958 N.W.2d. 428 (2021). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Schaefer Shapiro v. Ball, supra*; *Hauptman, O'Brien v. Auto-Owners Ins. Co., supra*.

## ANALYSIS

### FAILURE TO CONSIDER EXHIBITS

The Village's first assigned error is that the district court erred in failing to consider exhibits that were properly offered and received in the county court. The district court acknowledged that "the [county] court was free to take judicial notice of the public record without converting the Motion to Dismiss into a Motion for Summary Judgment" and that "[Meints] agreed that the offered exhibits were part of the public record of the case." However, the district court determined that, because "the Answer of [the Village] is not in the transcript, this Court cannot

make this determination." The district court then eventually ruled that "the Motion to Dismiss was in effect a Motion for Summary Judgment, and that [Meints] should have been allowed to present affidavits in opposition to the Motion." This first assigned error requires us to review whether the exhibits offered by the Village in connection with its motion to dismiss and received by the county court were properly considered by the county court.

The Villages' motion to dismiss alleged that the county court lacked subject matter jurisdiction (Neb. Ct. R. § 6-1112(b)(1)) and that Meints failed to state a claim upon which relief could be granted (Neb. Ct. R. § 6-1112(b)(6)). In connection with this motion, the Village requested that the county court take judicial notice of four separate exhibits which it claimed were public records from the nuisance proceeding conducted by the Village Board. The court received these exhibits into evidence on that basis.

Generally, under Neb. Ct. R. § 6-1112(b):

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in §§ 25-1330 to 25-1336, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by statute.

However, in *Lindsay v. Fitl*, 293 Neb. 677, 682, 879 N.W.2d 385, 390 (2016), the Nebraska Supreme Court qualified:

For purposes of a motion to dismiss, ""*"the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings.""*" *DMK Biodiesel v. McCoy*, 285 Neb. 974, 980, 830 N.W.2d 490, 496 (2013), quoting *Miller v. Redwood Toxicology Laboratory, Inc.*, 688 F.3d 928 (8th Cir. 2012). These documents embraced by the complaint are not considered matters outside the pleading. Documents embraced by the pleadings are materials ""*"alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.""*" *Id.* citing *Enervations, Inc. v. Minnesota Mining,* 380 F.3d 1066 (8th Cir. 2004), and quoting *Ashanti v. City of Golden Valley,* 666 F.3d 1148 (8th Cir. 2012).

Here, Meints' complaint referenced the "regulatory scheme" utilized by the Village which Meints claims resulted in a statutory or constitutional taking of his property for which he claimed compensation. Although Meints acknowledged that the documents were public records, he objected on the basis that "it's kind of clumsy using exhibits on a motion to dismiss" and then interposed hearsay, relevance, and completeness objections to their admission. But the ruling of the district court that is challenged on appeal was that the exhibits offered and received in county court constituted matters outside the pleadings which converted the matter to a summary judgment and entitled Meints to present his own exhibits. We disagree.

The exhibits offered were public records from the nuisance proceeding before the Village Board which were embraced by Meints' complaint and which did not contradict his complaint.

Stated differently, Meints was arguing that the demolition of his property which occurred as a result of that proceeding entitled him to compensation. We will address his specific causes of action later in the opinion, however, we find the district court erred in finding the receipt of exhibits from the Village nuisance proceeding converted the matter into a summary judgment. Because the exhibits were public records of that proceeding embraced by Meints' complaint and not contradicted by it, the district court erred in finding that the county court improperly considered those exhibits in connection with the Village's motion to dismiss. Further, to the extent that the district court found that it could not consider the exhibits due to the lack of an answer by the Village in the transcript, this determination was in error.

### DISTRICT COURT'S REVERSAL OF COUNTY COURT'S DISMISSAL OF MEINTS' COMPLAINT

The Village's second assignment of error relates to the district court's reversal of the county court's dismissal of Meints' complaint on the basis that Meints "alleged an arguable inverse condemnation cause of action in his Complaint that would not necessarily be defeated by a failure to file a petition in error." The district court's ruling relates to the county court's finding:

> Notwithstanding Nebraska's liberal notice pleading, none of the allegations state a basis for a remedy that was not available to [Meints] if he had properly appealed the Board's decision through a petition in error.
>
> It does appear to the Court that the inverse condemnation claims and request for declaratory judgment alleged by [Meints] herein are an attempt to appeal the actions of the Village of Diller Board in exercising their police powers to abate a nuisance. As a result, [Meints] should have filed a petition in error and since he failed to do so, the case should be dismissed for lack of jurisdiction.

The Village challenges the district court's ruling and essentially argues that the county court was correct in its interpretation of the law.

The exhibits establish that the Village ultimately demolished Meints' real property improvement on his land located at 308 Castor Street as a result of a nuisance abatement proceeding initiated by the Village. The public records from those proceedings establish that Meints received notice of the proceedings, took part in the proceedings, and on February 13, 2017, the Village voted to abate what it determined to be a nuisance of that property.

Pursuant to Neb. Rev. Stat § 18-1720(1) (Reissue 2012):

> All cities and villages in this state are hereby granted power and authority by ordinance to define, regulate, suppress and prevent nuisances, and to declare what shall constitute a nuisance, and to abate and remove the same. Every city and village is authorized to exercise such power and authority within its zoning jurisdiction.

(Although we recognize that this statute has been amended, those amendments took place after the date the Village determined that Meints' property was a nuisance and exercised its power and authority in connection therewith.)

In addressing a municipalities' police power, the Nebraska Supreme Court stated:

This court has long held that municipalities may, in the exercise of a valid police power, protect the public health through ordinances that operate within legislative limits. See, *Howard v. City of Lincoln,* 243 Neb. 5, 497 N.W.2d 53 (1993); *McCrea v. Cunningham,* 202 Neb. 638, 277 N.W.2d 52 (1979). ""'"In the exercise of police power delegated to a city, it is generally for the municipal authorities to determine what rules, regulations and ordinances are required for the health, comfort and safety of the people. . . ."'" *Id.* at 648, 277 N.W.2d at 58, quoting *City of Scottsbluff v. Winters Creek Canal Co.,* 155 Neb. 723, 53 N.W.2d 543 (1952).

*Village of Brady v. Melcher*, 243 Neb. 728, 732, 502 N.W.2d 458, 462 (1993). As early as 1938, the Nebraska Supreme Court "has recognized the power of the city to order the removal of a dangerous building which constitutes a nuisance." *Goldsberry v. City of Omaha*, 181 Neb. 823, 826, 151 N.W.2d 329, 331 (1967) referencing *Horbach v. Butler*, 135 Neb. 394, 281 N.W. 804 (1938).

Here, the public records offered and received by the county court indicate the Village Board commenced a nuisance abatement action, an exercise of its police power against Meints in accordance with the Village ordinance. The Board then voted to abate the nuisance on Meints' property on February 13, 2017. Neb. Rev. Stat. § 25-1901 (Reissue 2016) states that "[a] judgment rendered or final order made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court may be reversed, vacated, or modified by the district court . . . ." Section 25-1901 et seq. statutorily mandates that a party seeking judicial review of an administrative determination must comply with the petition in error prerequisites when the review sought is of a final order made by a tribunal, board, or officer exercising judicial functions. *Meints v. City of Beatrice*, 20 Neb. App. 129, 820 N.W.2d 90 (2012). A petition in error must be brought within 30 days of the decision sought to be challenged. Neb. Rev. Stat. § 25-1931 (Reissue 2016). See *Johnson v. City of Kearney*, 277 Neb. 481, 763 N.W.2d 103 (2009). If Meints desired a review of the Board's decision to declare his property a nuisance and abate it, he was required to pursue a petition in error proceeding so long as the Village Board's decision here was a judicial function.

In *Medicine Creek v. Middle Republican NRD*, 296 Neb. 1, 6, 892 N.W.2d 74, 79 (2017), the Nebraska Supreme Court stated:

In cases where we have considered if an administrative decision was made in the exercise of "judicial" functions such that it was reviewable by petition in error, we stated that "a board, tribunal, or officer exercises a judicial function 'if it decides a dispute of adjudicative fact or if a statute requires it to act in a judicial manner.'" We defined adjudicative facts as those "'which relate to a specific party and are adduced from formal proof.'" We have also stated that when a board or tribunal is required to conduct a hearing and receive evidence, it exercises "judicial functions" in determining questions of fact.

Further, the Supreme Court has held that a board exercises judicial functions in determining questions of fact, and if petition in error proceedings are not filed to review the decision it becomes final. See *Abboud v. Lakeview, Inc.*, 237 Neb. 326, 466 N.W.2d 442 (1991). The failure to institute

a proceeding in error within the stated time limitation bars the action. See Neb. Rev. Stat. § 25-1901 et seq. (Reissue 2016 and Cum. Supp. 2020); *Landrum v. City of Omaha Planning Bd.*, 297 Neb. 165, 899 N.W.2d 598 (2017).

In the present case, the Board was exercising a judicial function when it determined that Meints' property constituted a public nuisance and accordingly, Meints should have challenged the Board's determination through a petition in error proceeding within 30 days of that determination. Meints failed to do so and that decision became final.

Meints then commenced the current action in county court in March 2019. "Collateral attacks on previous proceedings are impermissible unless the attack is grounded upon the court's lack of jurisdiction over the parties or subject matter. Only a void judgment is subject to collateral attack." (Citations omitted.) *Spady v. Spady*, 284 Neb. 885, 893-94, 824 N.W.2d 366, 373 (2012) citing *State v. Keen,* 272 Neb. 123, 718 N.W.2d 494 (2006). Judgments rendered by administrative agencies acting in a quasi-judicial capacity . . . are not subject to collateral attack if the agency had jurisdiction over the parties and the subject matter." *In re Guardianship of Gaube*, 14 Neb. App. 259, 275, 707 N.W.2d 16, 28 (2005).

The question thus becomes whether Meints' complaint states a claim which provided subject matter jurisdiction for the county court in light of Meint's failure to file a petition in error proceeding or, in the alternative, whether Meints' complaint states a claim upon which relief can be granted. We find that it does not. To the extent Meints' complaint can be read as attempting to collaterally attack the previous administrative proceeding, the county court correctly determined that it lacked subject matter jurisdiction over the parties or subject matter. *Spady v. Spady, supra*.

But the district court's order goes further and provides that Meints' claims sounding in inverse condemnation would not necessarily be defeated by a failure to file a petition in error. That requires that we separately examine whether Meints' complaint states a claim upon which relief can be granted outside of a collateral attack of the proceedings. In order to do so, we must determine whether the Village's action here declaring Meints' property a nuisance and then removing the declared nuisance potentially can give rise to a cause of action under the facts pled by Meints.

As our court noted in *Blanchard v. City of Ralston*, 4 Neb. App. 692, 701-02, 549 N.W.2d 652, 658 (1996), *affirmed* 251 Neb. 706, 559 N.W.2d 735 (1997):

> The Nebraska Supreme Court has recognized the authority of a city of a metropolitan class to remove or order the removal of a dangerous building which has become a nuisance because of its condition. See, e.g., *Hroch v. City of Omaha*, 226 Neb. 589, 413 N.W.2d 287 (1987); *Goldsberry v. City of Omaha*, 181 Neb. 823, 151 N.W.2d 329 (1967). Although Ralston is not a city of the metropolitan class, Neb. Rev. Stat. § 18-1720 (Reissue 1991) also provides that all cities and villages have the power "by ordinance to define, regulate, suppress and prevent nuisances, and to declare what shall constitute a nuisance, and to abate and remove the same." Ralston provides such definitions and procedures in Ralston Mun. Code § 9-401 et seq.
>
> Furthermore, courts generally hold that a city is not liable for a taking if it destroys or damages private property while *properly* exercising its police power in abating a nuisance or public health hazard. See, *City of Minot v. Freelander*, 426 N.W.2d 556 (N.D.

1988) (homeowner was not entitled to compensation under Fifth Amendment when house was demolished to abate public and private nuisance); *Powell v. City of Clearwater*, 389 N.W.2d 206 (Minn. App. 1986) (city had power to destroy building without paying damages after owner failed to correct hazardous conditions on premises); *Starzenski v. City of Elkhart*, 659 N.E.2d 1132 (Ind. App. 1996) (owner not entitled to compensation for items destroyed by city when city removed excessive trash and debris from home to abate nuisance); *Brown v. State*, 21 Cal. App. 4th 1500, 26 Cal. Rptr. 2d 687 (1993) (state's actions in cleaning up hazardous waste were legitimate exercise of police power and did not constitute inverse condemnation)[ disapproved by *Massingill v. Dep't of Food & Agric.*, 102 Cal. App. 4th 498, 125 Cal. Rptr. 2d 561 (2002) (*Brown* disapproved to the extent it holds that the "doctrine of noncompensable loss" is not limited to emergency situations where there is a public necessity to avert an impending peril)].

However, in order for a city to *properly* exercise its police power in the destruction of a nuisance so as to avoid liability for taking an owner's property, the city must first provide the owner with sufficient due process. See, *Inman v. Town of New Hartford*, 116 A.D.2d 998, 498 N.Y.S.2d 618 (1986); *City of Pittsburgh v. Pivirotto*, 93 Pa. Commw. 563, 502 A.2d 747 (1985), *aff'd* 515 Pa. 246, 528 A.2d 125 (1987); 7A Eugene McQuillan, The Law of Municipal Corporations § 24.561 (3d rev. ed. 1989). Sufficient due process in this situation was addressed in *City of Pittsburgh v. Pivirotto*, 93 Pa. Commw. at 564, 502 A.2d at 748, where the court stated that "[a]s a general proposition, a municipality must, before destroying a building, give an owner sufficient notice, a hearing and ample opportunity to demolish the building himself or to do what suffices to make it safe and healthful for use and occupancy." Citing 7 Eugene McQuillan, The Law of Municipal Corporations § 24.561 (3d rev. ed. 1981), and *Pittsburgh v. Kronzek*, 2 Pa. Commw. 660, 280 A.2d 488 (1971). Moreover, Neb. Rev. Stat. § 18-1722 (Reissue 1991) provides in part: "If any owner of any building or structure fails, neglects, or refuses to comply with *notice by or on behalf of any city or village to repair, rehabilitate, or demolish and remove a building or structure which is an unsafe building or structure and a public nuisance*, the city or village may proceed with the work specified in the notice to the property owner." (Emphasis supplied.)

Here, the public records offered by the Village indicate they abated what the Village deemed to be a nuisance in accordance with their ordinance. And as we already provided in a prior section of this opinion, Meints took part in that proceeding and failed to appeal from the Village determination. As we read Meints' complaint, he does not contend he failed to obtain notice of the proceedings. Instead, he simply alleges:

All Defendants, by design or neglect, have failed in their above-stated responsibilities, among other things, by wrongfully destroying structures on private property, including that of Meints, by wrongfully impeding the full and fair use or uses of private property, including that of Meints, by wrongfully entering upon private property, including that of Meints, and by other means.

- 9 -

By that same design or neglect, the Defendants have each, thereby adopted, de facto, their own wrongful regulatory schemes with regard to the preservation, maintenance, and protection of the rights of property owners, citizens and residents of the Village, as a matter of fact. Each Defendant has maintained their own such regulatory scheme each year, subject to whim, and have done so for the supposed public benefit, because of the monetary expense of preserving, maintaining, and protecting such personal rights and for the public purpose of conserving funds. In other words, the regulatory scheme Defendants have adopted is ostensibly for, and done in the name of a public purpose.

Meints then alleges that the Defendants have "failed to fulfill their constitutional, statutory, and code responsibilities, and have instead followed their own regulatory schemes with respect to the rights of property owners, citizens and residents within their jurisdiction" and that said failure establishes a cause of action in money damages on theories of an unconstitutional and statutory taking of his property, as well as violations of his rights to due process and equal protection.

As our above cited caselaw demonstrates, the Village had the right under its police power to remove or order the removal of Meints' property which became a nuisance because of its condition. Further, the Village is not liable for the taking if it destroys or damages private property while properly exercising that police power. Meints' complaint fails to state a claim that the Village improperly exercised its police power, to wit, by failing to provide him with sufficient notice of the nuisance proceedings. Instead, his claim appears generally grounded in the Village's alleged failure to follow its existing regulations or following "their own regulatory schemes." Failing to follow the existing regulation is a matter which could have been raised and challenged in connection with the Village Board's proceeding, a matter which Meints did not pursue. Once it becomes final, the matter can only be collaterally attacked if the Board's determination was void. Meints has failed to allege any factual basis upon which the administrative nuisance finding could be declared void. Accordingly, Meints' complaint constituted an impermissible collateral attack on the proceedings and otherwise failed to state a claim upon which relief could be granted. Further, because the public record associated with the nuisance proceeding indicates Meints was provided with notice and took part in the proceedings, it was legally not error for the county court to conclude that Meints could not amend his complaint to state a cause of action here.

## CONCLUSION

Having determined that the district court erred in reversing the county court's order dismissing Meints' complaint with prejudice, we reverse the district court's order and remand with directions for the district court to reinstate the order of the county court.

REVERSED AND REMANDED WITH DIRECTIONS.